MURTHA FLOOD, Respondent, *v.* CALEB W. MITCHELL, Appellant.

One S. having been present at the making of an oral agreement between the parties was requested by them to reduce the same to writing for them to sign. In an action upon the contract the paper drawn up by S. which the parties had not signed, was offered in evidence. S. testified that it contained the agreement, as he was directed to draw it, with the exception of two articles inserted in it; that while he could not state the whole of the agreement without a reference to the writing, that he could recollect the substance of the conversation after such a reference.

*Held*, that the paper was properly excluded; that it was not admissible as a memorandum of what actually took place, as it appeared that it was not an accurate statement thereof, but only embodied the result, and contained provisions not in the original agreement ; that it was not competent with a view of refreshing the witness' recollection, as he testified that after reference to the paper he could recollect the material part of the conversation, and it was unnecessary to read it in evidence; and that it was not competent, as a paper drawn by the common agent of the parties, because the authority to draw the paper did not establish that relationship, and it had never been ratified or approved by the parties.

The contract was for the constructing and grading of a race track up to and in accordance with a grade established and agreed upon. One defence was that plaintiff had not performed. Upon the trial defendant, for the alleged purpose of showing that there was a substantial failure to perform, and not to show the amount of damages, offered to prove by himself that after plaintiff quit work it was worth $500 to fill up the track to the grade established, the offer was rejected. *Held*, error.

The court charged, among other things, in substance, that if the work was not fully completed plaintiff was entitled to recover for the work actually performed, as defendant had taken possession, and all he could claim was a deduction for what he had to pay for completing the work. *Held*, error; and that it was not cured by a finding of the jury that plaintiff had fully performed.

*Flood* v. *Mitchell* (4 Hun, 813) reversed, but not upon points discussed below.

(Argued February 15, 1877; decided February 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover for work and labor alleged to have been performed by the plaintiff for defendant in constructing and grading a race-track at Glen Mitchell, Saratoga county. The answer alleged, in substance, that the work was done under a contract which plaintiff failed to complete and perform.

It appeared that plaintiff contracted orally to do the work in accordance with the grade, and as laid out by one Salter, an engineer, for twenty-three cents per cubic yard, the work to be done under the direction of Salter. Salter was present at the conversation between the parties, and was requested to draw up

a written contract, and the parties were to call at his office and sign it; this they did not do. Salter was called as a witness for defendant; he produced the paper which he drew up. He testified, upon his direct-examination, that it contained the agreement, with the exception of two articles or clauses which he added; could not state the whole of the agreement without reference to the writing. Upon cross-examination he testified that he did not intend to incorporate in the writing the conversation, but such contract as he understood was deducible therefrom; that he was to draw it for the purpose of submitting it to the parties, and if they agreed to it they were to sign. Also, that he could recollect the substance of the conversation after reference to the paper. The paper was offered in evidence; it was objected to by plaintiff's counsel, on the grounds, among others, that it was incompetent thus to prove the agreement; that the witness must testify to the conversation, if able to, after refreshing his memory from the paper; that the paper does not purport to contain a memorandum of the conversation, but simply the conclusion of the witness. The objection was sustained, and defendant's counsel duly excepted. Defendant's evidence tended to show that plaintiff did not raise the track up to the grade fixed by the engineer, and that he (defendant) was obliged to complete it at his own expense, *i. e.*, with his own team. Defendant, as a witness, testified that he did not know the number of loads of earth it took to complete the work, but he knew the value of the work, of men and horses per day. Defendant's counsel then offered to show, by the witness, that it was worth $500 to fill up the track to the grade established by the engineer, and stated that this was offered for the purpose of showing that there was a substantial failure to perform the agreement and not to show the amount of damages. This offer was objected to and excluded, defendant's counsel duly excepting.

The court charged the jury, among other things, as follows:

"If you find that this work was never completed, I charge you that plaintiff is entitled to recover for the work actually

performed, because the defendant has taken possession of it, and all he can claim is the difference between what he was to pay the plaintiff for doing the work and what he had to pay for completing it," to which defendant's counsel duly excepted. The jury rendered a verdict for the full amount claimed.

Further facts appear in the opinion.

*A. Pond* for the appellant. The court erred in excluding the memorandum of the agreement offered in evidence. (*Towsend Manf. Co.* v. *Foster,* 51 Barb., 346 ; 41 N. Y., 620, *n.* ; *Dutch* v. *Mead,* 36 Supr. Ct. R., 427 ; *Halsey* v. *Sinsebaugh,* 15 N. Y., 485 ; *Russell* v. *H. R. R. R. Co.,* 17 id., 134; *Guy* v. *Mead,* 22 id., 462; *Lewis* v. *Ingersoll,* 1 Keyes, 347 ; *Lewin* v. *Redfield,* 2 Wk. Dig., 198 ; *Mut. Ben. L. Ins. Co.* v. *Cannon,* 48 Ind., 265 ; *Krise* v. *Neason,* 66 Pa., 253, 259.) It was also error to exclude the evidence offered by defendant to show that it was worth $500 to fill up the track to the grade established by the engineer. (*Pettier* v. *Sewall,* 12 Wend., 386 ; *Squires* v. *Brown,* 22 How., 41 ; *Dutchess Co.* v. *Harding,* 49 N. Y., 322 ; *Tompkins* v. *Dudley,* 25 id., 272 ; *Cunningham* v. *Jones,* 20 id., 486 ; *Smith* v. *Brady,* 17 id., 173 ; *Catlin* v. *Tobias,* 26 id., 217 ; *Sharpe* v. *Johnson,* 41 How., 400 ; *Guidet* v. *Mayor, etc.,* 36 Supr. Ct. R., 557 ; *Heine* v. *Meyer,* 61 N. Y., 171 ; *Niblo* v. *Binsse,* 44 Barb., 54 ; *Glacius* v. *Black,* 50 N. Y., 145 ; *Smith* v. *Brady,* 17 id., 188 ; *Reed* v. *Bd. of Education,* 33 How., 237.)

*L. B. Pike* for the respondent. The unexecuted contract was properly excluded on the trial. (*Cole* v. *Jessup,* 9 Barb., 396 ; *Haff* v. *Dennet,* 6 N. Y., 337 ; *Halsey* v. *Sinsebaugh,* 15 id., 485 ; *Russell* v. *H. R. R. R. Co.,* 17 id., 134.)

MILLER, J. This action was brought to recover for work and labor performed by the plaintiff for the defendant in the construction of a racecourse. Upon the trial one Salter, who was a civil engineer, testified that he was present at a conver-

sation had between the parties in regard to the grading and
building the racecourse in question, and subsequently, at the
request of the parties, reduced the oral agreement to writing,
with the understanding that they were to call at his office and
sign it the same evening; that the writing contained the
agreement as directed to be drawn, with the exception of two
articles in the same. The witness further stated, in his direct-
examination, that he could not state the whole of it without a
reference to the writing, but upon his cross-examination testi-
fied that he could recollect the substance of the conversation
after reference to the paper. The parties never called for the
purpose of signing the agreement in question, and it was
never executed in accordance with the original intention.
It was offered in evidence by the defendant, objected to,
excluded by the court and an exception taken to the ruling.
The writing in question was not admissible as a memoran-
dum, made at the time, of what actually took place, because
the proof established that it was not an accurate statement of
the conversation and agreement between the parties; and it
appears that it only embodied the result of the conversation
had, and contained language different from that used, as well
as some provisions which were not in the verbal contract.
Nor was it competent, with a view of refreshing the recollec-
tion of the witness, within the principle of some of the cases
cited, for he testified that, after reference to the paper, he
did recollect the material part of the conversation; thus ren-
dering it unnecessary to read the same in evidence for the
purpose of showing what it really was. Minutes of evi-
dence taken by counsel in a former trial, who produced
them, and swears that he has no doubt of their accuracy,
but has no recollection independent of the minutes, may be
read, and are competent evidence. (*Halsey* v. *Sinsebaugh*,
15 N. Y., 485.) So, also, a memorandum made contempora-
neously with the facts to which it relates is admissible as aux-
iliary to the oral testimony, where it appears that the witness
is unable, with the aid of the memorandum, to speak from
memory as to the facts. (*Russell* v. *H. R. R. R. Co.*, 17 N.

Y., 134; *Guy* v. *Mead*, 22 id., 462.) But the rule stated has never been extended so as to allow the admission of papers drawn for the purpose of reducing a contract to writing which contained provisions not agreed upon and were deductions from what had passed between the parties, and where the witness' memory had been refreshed by a reference to the papers so as to recollect the substance of the conversation. In such a case it would be unnecessary to read the paper for the purpose of showing what the conversation actually was; and the reason for the rule, laid down in the authorities cited, does not apply. These are cases where a portion of a writing which is competent evidence for some purposes may not be incompetent, because it contains other statements which are inadmissible. (*The Dutchess Co.* v. *Harding*, 49 N. Y., 322.) This principle, however, has no application to the writing in question. It is insisted that the memorandum was competent, because it was made by the common agent of both parties. While the account of an agent of a party acting on his behalf where such agency is established may be competent against his principal, as is held in some of the decisions cited by the appellant's counsel, when such an account, or even when some instrument signed by such agent, is the subject of, and has a material bearing upon, the controversy, it is difficult to see how this doctrine can have any application to a written paper or memorandum which was drawn by the direction and authority and was intended to express and contain the agreement of the parties; but which had never been executed, ratified or approved by such parties. The authority to draw such an instrument does not establish the relation of principal and agent between the parties who conferred it and the person who draws the same so as to make it binding before it is executed and approved. At most, Salter, who drew the paper in question, was the attorney, or scrivener to put the verbal agreement talked of in writing, and until signed by the parties it was inchoate and imperfect, subject to revision and correction as they might agree, and in no sense obligatory until executed. It was not a contract and hence could not bind

any one.  It follows that there was no error in the exclusion
of the evidence offered.

The offer to show by the defendant that it was worth $500
to fill up the track to the grade established, was improperly
excluded.  It was stated at the time, that the testimony was
offered for the purpose of showing that there was a substan-
tial failure to perform the agreement and not to prove the
amount of damage, and no objection was made to the offer
on the ground that it was improper in form.  The testimony
would tend to prove that the plaintiff had failed to fulfill
his contract and as that was a question at issue and the proof
offered would contradict the plaintiff's evidence on that
subject and tend to establish that the plaintiff was not enti-
tled to recover, it was clearly admissible.  Nor was the
error in excluding the testimony obviated because the same
witness had previously given some testimony on the subject
and had sworn that he did not know how many yards of earth
he had drawn to supply the deficiency, or because he after-
wards had testified to the number of loads that he had drawn
for this purpose.  While the testimony last mentioned was
relevant to establish a failure of the plaintiff to fulfill his
contract, the subsequent offer would more fully present the
actual loss by such failure and was competent as additional
and cumulative testimony upon the same subject.

No exception was taken to the decision of the judge reject-
ing the evidence offered, to the effect that Salter had examined
the track and found that it did not come up to the grade
established by the engineer, and the point therefore cannot
now be considered.

The several refusals of the judge, to charge as requested,
also, do not appear to have been excepted to, so as to present
the questions now raised in regard to the same.

The charge of the judge, to the effect that if the work was
not fully completed, the plaintiff was entitled to recover for
the work actually performed, because the defendant had taken
possession and all he could claim was the difference between
what he was to pay the plaintiff for doing the work, and what

he had to pay for completing it, is conceded to be erroneous. It is claimed, however, that the difficulty was obviated by the finding of the jury that the plaintiff had fully performed his contract, as it was alleged and shown on behalf of the defendant. There was, as we have seen, some evidence to show that the defendant was obliged to do some considerable work to fill up and to complete the grade, and had the evidence erroneously excluded been received, it is by no means clear what effect it might have had upon the verdict of the jury. In this aspect of the case, it is by no means apparent that no injury was done. In fact, as the case stood, it may well have been that this palpable error of the judge may have had an effect upon the minds of the jury and prevented their regarding the evidence of the defendant as they otherwise would have done. It is exceedingly dangerous at any time to allow a wrong proposition of law to be laid down in the charge of the judge to a jury, and it can scarcely be held in this case that it is so entirely plain beyond controversy, that no injurious effect could ensue that it can be overlooked and disregarded.

No other question demands discussion, and for the errors stated the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.