JAMES S. WIGHTMAN, Respondent, *against* JOHN C. OVER-HISER, Appellant.

(Decided June 16, 1879.)

Where a witness has testified from his own recollection to certain transactions in which he took part, e. g., interviews between himself and the defendant, a written memorandum of such transactions kept by him, and the entries in which were made at the time of the occurrence of the transactions, cannot be put in evidence to corroborate or support the testimony of the witness, and the allowance in evidence of such a memorandum is an error for which the judgment will be reversed, and the appellate court will not consider the evidence in the case for the purpose of determining whether the exclusion of the written memorandum would have changed the result.

APPEAL from a judgment of the general term of the Marine Court of the city of New York affirming a judgment of that court, entered on the report of a referee to hear and determine the issues.

The facts are stated in the opinion.

*Granville P. Hawes*, for appellant.

*S. K. & G. B. Wightman*, for respondent

LARREMORE, J.—Plaintiff sues to recover for his services as an architect, in pursuance of a contract alleged to have been made with defendant May 14th, 1874. Plaintiff testified to his employment at the time stated, and his performance of services until notified by the defendant that they were no longer required. The defendant denied the contract, and offered proof to sustain his view of the case. After the defendant had closed his case plaintiff was allowed, under defendant's exception, to introduce in evidence his diary or memorandum book for the year 1874. He had previously testified from personal recollection as to all the material facts of which it contained a record; and if the exception to the admission of this diary as evidence is well taken, it will be unnecessary to consider the other points raised on this appeal.

It appears to be a well settled principle of law that entries or memoranda of transactions made by a witness are admissible only when the memory of the witness is at fault. If he can refresh his memory by an inspection of the writing, and then testify from personal recollection, the written data will be excluded from evidence. (*Halsey* v. *Sinsebaugh*, 15 N. Y. 485; *Russell* v. *Hudson R. R. Co.*, 17 N. Y. 134; *Guy* v. *Mead*, 22 N. Y. 462; *Marcly* v. *Shults*, 29 N. Y. 346; *Brown* v. *Jones*, 46 Barb. 400; *Driggs* v. *Smith*, 45 How. 447; *Flood* v. *Mitchell*, 68 N. Y. 507.)

These authorities fully establish the theory contended for by appellant's counsel, and, in my judgment, present a fatal objection to the judgment appealed from.

The counsel for the respondent argued that the testimony above referred to, even if incompetent, was immaterial, and could not have influenced the decision. How can this be ascertained or determined from the record before us? The referee finds as a conclusion of fact that a contract was made between the parties in May, 1874. In reaching this conclusion he unquestionably relied upon plaintiff's testimony, and to what extent he was influenced, or it was corroborated by inspection of the " diary," is a matter that cannot be determined on appeal. The memoranda complained of bore refer-

ence not only to dates, but to facts in connection with the dates. Take, for instance, the entry under May 14th:—"Called at Overhiser's; talked about three houses at Harlem."

"Friday, 15th. Overhiser called; plans for Harlem of three houses."

Thus, it appears that plaintiff, having testified from personal recollection of a fact, was subsequently allowed to offer written memoranda made by himself to corroborate his own testimony. This, I think, was error for which the judgment obtained should be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.