HUGH HOLLAND AND WILLIAM KEITH v. WILLIAM J. REA
AND EBER F. HALE.

*Construction of contract—"More or less"—Written evidence of oral con-
tract—Ambiguous requests to charge—Notice of re-sale—Recoupment—
Set off.*

A contract for a specified quantity, *more or less*, is valid where the parties
understand that a reasonable deviation from the amount stated shall
not defeat the contract. *Held*, that 473,000 feet of lumber was
enough to satisfy a call for 500,000, *more or less*, especially where the
purchaser took away part of the mass and paid for what he removed.

Where one of the parties to an oral agreement puts it in writing and the
other party refuses to sign it and denies its accuracy, the former
cannot use it as evidence of the actual agreement in an action thereon.

A contract provided that payment should be made 'in Canada currency
or its equivalent in United States money. *Held*, that in an action on
the contract there was no ground for an exception to the court's
refusal to direct the jury to allow nothing for the difference in the
currencies where there was, in fact, no difference between them.

Ambiguous requests to charge, if liable to mislead, are properly rejected.

Where a contract purchaser did not take the goods and the vendor re-sold
them and sued on the contract, *held* that a refusal to charge "that
plaintiff had no right to sell without notice to defendant" was not
error, as it was not clear whether the party requesting the charge
meant notice of re-sale or of the intention to re-sell.

*It seems* that notice of re-sale is unnecessary where a contract purchaser
refuses to receive the goods and the contract is silent on the subject,
and the purchaser's liability on the contract is not fixed by the price
obtained on the re-sale.

Recoupment of damages cannot rest on the breach of any other contract
than that in suit.

Set-off is inadmissible in an action brought for the recovery of unliqui-
dated damages on the breach of a special agreement.

Error to Superior Court of Detroit.   Submitted January
26.   Decided April 25.

ASSUMPSIT.   Plaintiffs bring error.   Affirmed.

*Ed. E. Kane* for appellants.   The words " more or less "
have been construed as of no effect to diminish the stated

quantity: *Cross v. Elgin* 2 B. & Ad. 106; *Bourne v. Seymour* 16 C. B. 352; *Leeming v. Snaith* 16 Q. B. 275; *Nelson v. Matthews* 2 H. & Munf. 176; *Quesnel v. Woodlief* id. 173 (note); *Blaney v. Rice* 20 Pick. 64; or to provide for but slight and accidental variations: *Smith v. Evans* 6 Binn. 113; *Brawley v. United States* 96 U. S. 168; *Iron Co. v. Parsons* 5 Gray 591; *Winch v. Winchester* 1 Ves. & B. 375; *Thomas v. Perry* 1 Pet. C. C. 58; *Joliffe v. Hite* 1 Call (Va.) 262; *Frederick v. Campbell* 13 S. & R. 141; *Hardy v. United States* 9 Ct. of Cl. 244; otherwise a contract would be incurably uncertain: 2 Pars. Cont. 560; Chit. Cont. 72; *Guthing v. Lynn* 2 B. & Ad. 232; *Rollin v. Pickett* 2 Hill 552; as to the admission of written documents in evidence of an oral contract, see *Rice v. Manufacturing Co.* 2 Cush. 80; *Whitford v. Tutin* 10 Bing. 395; *Fish v. Adams* 37 Mich. 601; *Clark v. Vorce* 15 Wend. 193; *Merrill v. Railroad* 16 Wend. 586; *Stannard v. Smith* 40 Vt. 520; *Norton v. Downer* 33 Vt. 32; *Hosford v. Foote* 3 Vt. 392; *Guy v. Mead* 22 N. Y. 465; *Marcly v. Shults* 29 N. Y. 351; *Haven v. Wendell* 11 N. H. 112; *Dickinson v. Robbins* 12 Pick. 74; *Cook v. Anderson* 20 Ind. 18; Abbott's Trial Ev. 362, par. 10; 375, par. 29; *Farmer v. Gregory* 28 Am. Law. Reg. (N. S.), 650; the vendor of chattels which a purchaser has failed to take cannot re-sell them without notice to the purchaser to take them away: *Sands v. Taylor* 5 Johns. 395; 2 Kent's Com. 504; *Rosenbaums v. Wheeden* 18 Grat. 793; *McEachron v. Randles* 34 Barb. 307; 2 Story Cont. § 1034; 2 Add. on Cont. § 593; *Haiess v. Tucker* 50 N. H. 313; *Fancher v. Goodman* 29 Barb. 317; *Raymond v. Bearnard* 12 Johns. 274; *Monroe v. Reynolds* 47 Barb. 579; *Redmond v. Smock* 28 Ind. 365; *Long v. Preston* 2 Moore & Payne, 262.

*Geo. W. Bates* for appellee. The words "more or less" are used in a contract of sale to protect the vendor from liability as for an absolute promise of quantity: Benj. Sales § 691; *Cabot v. Winsor* 1 Allen 550; matters are not admissible by way of recoupment if they do not arise out of the

identical subject matter of the action: *Ward v. Fellers* 3 Mich. 287; *Allen v. McKibbin* 5 Mich. 456; *Molby v. Johnson* 17 Mich. 382; *Chandler v. Childs* 42 Mich. 130; a contemporaneous written embodiment of an oral contract is not evidence of its contents if not assented to by both parties: *Flood v. Mitchell* 68 N. Y. 507; *Moore v. Meacham* 10 N. Y. 207; *Hosford v. Foote* 3 Vt. 392; *Norton v. Downer* 33 Vt. 26; after notice to a defaulting purchaser to pay for goods which he has contracted to buy, the vendor is at liberty to re-sell the goods: 3 Pars. Cont. (6th ed.) 209; 2 Kent's Com. 504; *Warren v. Buckminster* 24 N. H. 336; *Pollen v. LeRoy* 30 N. Y. 557.

GRAVES, C. J. Keith & Holland claimed that in January, 1877, they concluded an agreement with Rea & Hale, by which they, said Keith & Holland, were to furnish during that winter at or near Stony Point, on the shore of Lake St. Clair, in Ontario, at the rate of $3 per M. feet, 500 M. feet *more or less* of good sound elm logs of first-class quality and fourteen feet and a half in length and not less than eighteen inches in diameter; and that Rea & Hale were to take the logs so furnished and pay therefor in Canada currency or its equivalent in United States currency, that is to say, $500 down and the remainder on delivery of the logs.

They further claimed that pursuant to this agreement they furnished 473 M. feet and that the supply of that quantity constituted full performance on their part and entitled them to require Rea & Hale to take said quantity as a fulfilment of the agreement and to pay therefor according to the rate and manner stipulated. That 300,000 feet were actually taken and paid for, but the remaining 173,000 feet were refused.

They brought this action on the contract to recover damages of Rea & Hale for their failure to take and pay for said residue and were allowed to recover, and the defendants below, being dissatisfied, have brought error.

Among the points specially noticeable two relate to the terms of this agreement. The first is that the description

of quantity, viz.,." 500,000 feet *more or less,*" was incurably indefinite and rendered the entire agreement non-obligatory; and the second is, that supposing the agreement was binding, still the deviation from the positive quantity named was greater than the qualifying expression authorized, and hence the defendants in error were, by their own admission, in default, and the plaintiffs in error were not bound to take any more than suited their pleasure. Neither of these positions requires many words. As to the first, it was a distinct part of the understanding of the parties that the agreement in regard to quantity should not fix the precise number of feet which the defendants in error should be bound to furnish. The intent was that they should be allowed to deviate somewhat from 500,000 feet and that the plaintiffs in error should be bound to take whatever quantity should be furnished within the limits to which the deviation might properly extend, and it was certainly competent for the parties to bargain in that way. The agreement was not *prima facie* void. *Brawley v. United States* 96 U. S. 168; *Cabot v. Winsor and another* 1 Allen 546; *Moore v. Campbell* 10 Exch. 323 : 26 E. L. & E. 522; *Bourne v. Seymour* 16 C. B. 337 : 32 E. L. & E. 455; *Cockerell v. Aucompte* 2 C. B. (N. S.) 440 : 40 E. L. & E. 279; *Morris v. Levison* 1 C. P. Div. 155 : 16 Eng. 496; *McConnel v. Murphy* L. R. 5 Priv. C. 203 : 8 Eng. 164; Benj. on Sales §§ 691, 692.

The question of construction is distinct and the second point presents it. It is not difficult. Where parties enter into executory arrangements for the sale of chattels to be obtained subsequently by the seller and designedly leave the exact quantity unfixed and see fit to remit its ascertainment to the future act of the seller under and subject to a stipulation that it is to be so much "more or less," their practical construction of it ought to have great weight.

Several facts of importance are undisputed:

Keith & Holland informed Rea & Hale that they had furnished 473,000 feet and that the agreement was thereby fulfilled. What did Rea & Hale do? Did they object that the quantity was not sufficient to satisfy the agreement?

Did they refuse to have any of the logs and repudiate the arrangement? Nothing of the kind. They sent Baxter and Fairchild to scale the logs and the former scaled 358,000 feet and the latter a further quantity. But this is not all. They broke in upon the mass and actually took away some 300,000 feet and not only paid therefor, but for several thousand feet more.

It would be difficult to reconcile this conduct with the notion that the 473,000 feet were not mutually considered as meeting the call for 500,000 feet, more or less. But if it be regarded as a question to be settled on authority, the result is the same. The deviation was quite within the degree the courts have held to be reasonable. *Cabot v. Winsor and another*, and *Morris v. Levison*, and *McConnel v. Murphy*, supra.

It appeared that in March, 1877, one Aubin, who had got out a parcel of the logs and was employed also by Keith & Holland as their agent in some other matters, sold 21,000 feet to Pike & Richardson. And among the requests refused were two which proceeded on the assumption that the case contained evidence showing or tending to show that these logs never belonged to Keith & Holland and were not under their power to tender on the agreement. The assumption was not authorized.

The evidence was clear and not open to controversy that these and all the other logs were got out by third persons with the express understanding that they were to meet the contract with Rea & Hale, and be handed over to them in execution of that agreement as soon as ready, and the showing was equally explicit that when Rea & Hale were informed in February that the whole quantity was ready and they were requested to take the logs away and make payment, this lot was included and at their disposal, and besides this showing, the further fact was testified to, and not denied, that the sale made by Aubin to Pike & Richardson in March, and after said notification to Rea & Hale, was with the express assent of the latter.

The agreement sued on was oral and on its completion the

parties separated. Rea afterwards drew up a writing which he claimed to be an exact embodiment of the unwritten agreement, and desired Keith & Holland to sign it. They did not assent to its accuracy and refused to sign it. On the trial Rea produced a paper which he claimed to be the same and offered to make it evidence of the true agreement. The court on objection excluded it. This was correct. It was no more than Rea's personal declaration. He had prepared the paper and retained it, and no assent by Keith & Holland had been given to it. Moreover if it was the same that he had tendered for their acceptance they had expressly dissented. It was not within any rule permitting writings prepared and kept exclusively by the party offering them and unassented to by the other, to be put in evidence. *Flood v. Mitchell* 68 N. Y. 507.

In connection with the offer of this writing or as part of the same general subject certain notes, by the stenographer, of Holland's testimony on a former trial were read and immediately stricken out on motion. This was right. They had no place in the actual contention. It is not certain they would have been admissible in any view. But apart from the writing referred to they were wholly irrelevant.

It is also a matter of complaint that the court neglected to direct the jury, as requested, to allow nothing for difference between the money of the United States and of Canada. It is not pretended that there was any difference in point of fact and the effect of the charge was to leave the case as though none existed. The exception has no force.

There was evidence that after Rea & Hale made default the remaining logs were sold by Keith & Holland to another, and among the numerous requests to charge the following was preferred : " That the plaintiffs had no right to sell the logs in question without notice to the defendants, and if the jury believe they did so, that was a rescission of the contract in this suit and the plaintiffs cannot recover. " It is now generally assumed that where the agreement is silent in regard to it and no special incidents appear to con-

tend for it and where the extent of the vendee's liability is not to be unalterably decided by the price obtained, no notice of the re-sale itself is necessary. On the other hand it is held by high authority that to entitle the vendor to proceed by re-sale instead of rescission or by action for the whole agreed price or actual consideration, he must manifest his election by preliminary notice that he intends to sell and hold the vendee for the loss, or notice to that effect. This notice it will be observed is not a notice of re-sale, but a notice that the vendor will assert the right of re-sale and bind the vendee by the price obtained.

The application of this doctrine, requiring notice of an election to re-sell, is now urged by Rea & Hale, who insist that the trial judge in neglecting the above request disregarded it and committed error. No complaint as we understand is made of the treatment of the request as one dealing with the subject of notice of re-sale itself, and it is plain that no ground exists for any. Are these parties entitled to question the action of the trial judge on the other ground? We think not. Under the practice pursued the subject is not open. The request was equivocal. It fell short of indicating with any distinctness that the notice alluded to was notice of election to re-sell rather than notice of actual re-sale itself, and the inference is pretty strong that the judge understood the request as referring to a notice of re-sale only, and shaped his directions to the jury on that understanding and no exception was taken to the charge actually given on this part of the case. As the request was fairly open to such construction and the conception of it by the judge was apparent, or it was obvious at least that the request had not drawn his mind to the application of it now insisted on, and no offer whatever was made to explain it, it would be hardly reasonable to permit it to be read here in another sense for the purpose of breeding error, if such would be the result. But this is not all. The very fact that the request was ambiguous and liable to mislead is a sound reason for deeming its rejection not sufficient for a charge of error. The request should have clearly shown which notice was meant.

Error is alleged on the exclusion of the offer of certain evidence. The complaint is that Rea & Hale were cut off by it from recouping damages. The point is not maintainable. Had the facts embraced in the offer been established the event would have been the establishment of an agreement wholly distinct and different from that set up by Keith & Holland, and which they were bound to substantiate or fail in the action, and no damages arising from the breach of another and wholly different agreement could be recouped. *Thompson v. Richards* 14 Mich. 172.

The claim seems to be made that the refusal of certain requests in some way prejudiced Rea & Hale's right of set-off. The suggestion is not very clear. But it is enough to say without going further that the case did not authorize the remedy by set-off. The action was for the breach of a special agreement and brought to recover unliquidated damages, and was therefore founded on a demand incapable of being the subject of set-off. Comp. L. § 5796; *Smith v. Warner* 14 Mich. 152.

All the questions worthy of notice have now been considered. The charge to the jury was fair and there is nothing in the record to call for any interference with the result.

The judgment is affirmed with costs.

The other Justices concurred.