SHARPLESS SEPARATOR CO. *v.* BROWN.

1. SET-OFF AND RECOUPMENT — CONTRACTS—ASSUMPSIT — RECOUPMENT FOR DAMAGES RESULTING FROM LABOR EXPENDED ON SUBJECT MATTER—SALES.

  Recoupment must arise out of and be based on the contract declared on and proved by plaintiff.

2. SAME—JUSTICES OF THE PEACE—PLEADING.

  Defendant, who established his claim that the contract under which he purchased a cream separator was conditioned upon its working properly, and that the machine failed to work, could not recoup his damages in an action on the common counts, instituted before a justice of the peace, for labor and materials expended in attempting to make the separator operate satisfactorily, the contract established by the verdict being different from the one relied on by plaintiff.

Error to Shiawassee; Miner, J. Submitted June 26, 1911. (Docket No. 112.) Decided March 20, 1913.

Assumpsit by the Sharpless Separator Company against Fred Brown and another for the purchase price of goods sold to defendants. Judgment for defendants. Plaintiff brings error. Reversed unless defendants remit judgment in recoupment.

*Walbridge & Kelley,* for appellant.

*A. L. Chandler* and *George E. Pardee,* for appellees.

Bird, J. The plaintiff began suit in assumpsit to recover the purchase price of a cream separator which it claims to have sold and delivered to defendants on their written order. The defendants resisted the claim on the ground that the sale was a conditional one, depending upon the separator doing good work and working as well as other separators which were then being sold upon the market; that a test was made of the separator; that it failed to work as represented; and that plaintiff was advised of its failure to do the work and of defendants' refusal to purchase it. The defendants also gave notice under their plea that they had expended money and labor in their efforts to make the separator work satisfactorily and that they would claim the right upon the trial to recoup and offset the same. As the testimony was in conflict as to what the contract was, the trial court submitted the question to the jury to determine whether it was absolute or conditional. They found with the defendants and assessed their damages at $10.

While the trial court was submitting the case upon defendants' theory to the jury, he made use of the following language:

" If defendants are entitled to recover, they would be entitled to recover certain damages, if you find they were put to any damages. * * * So in this case, if defend-

174 Mich.—2.

ants are entitled to recover, and you find that Mr. Brown and his man and team or automobile, whichever it was— I don't remember—went to Mr. Leonard's and spent certain time in trying to make the machine run, whatever that time was worth, whatever expense he incurred at that time in paying his man or whatever his team was worth or automobile, whichever it was, he would be entitled to a verdict for that amount."

Plaintiff insists that this instruction was error for the reason that, if the jury found with defendants that the contract was different from that sued upon, the law would permit of no recoupment.

The rule is general in assumpsit that recoupment must grow out of the contract sued upon. *Molby* v. *Johnson,* 17 Mich. 382; *Rens* v. *City of Grand Rapids,* 73 Mich. 237 (41 N. W. 263); *Helwig* v. *Lascowski,* 82 Mich. 619 (46 N. W. 1033, 10 L. R. A. 378). Applying this rule to the case under consideration, it follows that, if defendants were permitted to recoup, it would have to be against the contract which plaintiff sued upon, and not against the contract which it set up in opposition to plaintiff's. A similar question arose in the case of *Haldeman* v. *Berry,* 74 Mich. 424 (42 N. W. 57). The plaintiff and defendant disagreed as to what the contract was, and defendant was allowed to recoup certain damages which he claimed. In commenting upon that phase of the case the court said:

" But, under the circumstances of this case, we are satisfied that the recoupment pleaded by the defendants cannot be maintained. As already shown, the plaintiff sued upon a contract which did not exist. He declared evidently upon the memorandum of February 14, 1882, left by Collins with Mason. This was not the contract. The contract was closed on February 17, 1882, by the reply of Collins to the letter of Mason, which modified and altered the memorandum as to the time of the delivery of the asphaltum. The plaintiff must fail, because he cannot establish the contract he declares upon. Can the defendants, in their defense, prove another and different contract than the one sued upon, and then recoup dam-

ages for a breach of such contract?  We think this question is settled by previous decisions of this court.  *Morehouse* v. *Baker*, 48 Mich. 335, 339 (12 N. W. 170); *Holland* v. *Rea*, 48 Mich. 218 (12 N. W. 167).  These cases hold that the claim of recoupment must grow out of the contract sued upon, and not upon another and a different one."

As the plaintiff failed to establish the contract which it sued upon, we are of the opinion that the exception to this part of the charge is well taken.  Aside from this question, the case seems to have been well and fairly tried, and we find nothing among the other assignments which calls for a further consideration of them.

For the error pointed out, the judgment will be reversed, and a new trial granted, unless the defendants, within 20 days, remit their judgment of $10; in which event the judgment will stand affirmed.  The plaintiff will recover its costs in this court.

MOORE, BROOKE, STONE, and OSTRANDER, JJ., concurred.