CRITZ v. CROPSEY.

BILLS AND NOTES—DEFENSES—SET-OFF—UNLIQUIDATED CLAIM.

In an action on a promissory note, defendant, who claimed that his father had turned over real property on a previously existing obligation of defendant, sufficient, after defendant had paid the debt, to secure plaintiffs, and that the amount owing to plaintiffs was less than the value of the land so turned over, and that his father, the indorser, had assigned his rights and claim to the defendant, who was not entitled to set off the amount of the alleged claim assigned to him, to reduce or defeat the note; because a set-off must be liquidated in order to warrant its use as a defense to an action at law: defendant's claim of defense could only be enforced by separate proceedings in equity.

Error to Wexford; Lamb, J. Submitted June 9, 1915. (Docket No. 25.) Decided March 31, 1916.

Assumpsit by Frank L. Critz and another against Jesse R. Cropsey and another on a promissory note, before the court without a jury. Judgment for plaintiffs. Defendants bring error. Affirmed.

*Gaffney, Miltner & Millington,* for appellants.

*Fred C. Wetmore,* for appellees.

BIRD, J. Plaintiff sued defendants in assumpsit on a promissory note for $500, and recovered judgment thereon. No point is made against the validity of the note by defendant Cropsey, but he asserts that it has been paid by a balance due his father on a former transaction with the plaintiffs, which balance was afterward assigned to him. The claim was in substance this:

That defendant Cropsey in November, 1911, was a resident of Vicksburg, in this State; that he was making preparations to move from that village, and had made arrangements to sell his law books and office furniture; that he made a loan of the Farmers' State Bank of Vicksburg for $1,500, payable in 30 days, and that plaintiffs indorsed the note with him, he securing them by a chattel mortgage on his books and furniture; that he afterwards paid this note, but after such payment was made, his father, without knowledge of the fact that the note had been paid, to further secure plaintiffs, deeded certain real estate in the village of Vicksburg to one Charles F. Brown, subject to a mortgage thereon of $750, at the request of the plaintiffs; that the property still remains in the hands of the said Charles F. Brown, if not sold, and that the same was fairly worth $1,800. Defendant Cropsey therefore concludes that the $1,500 note has been twice paid, and he insists that the balance coming to his father

in that transaction shall be applied on the note in suit, his father having consented thereto in open court. The trial court was of the opinion that this claim was not within the issues, and as there was no other defense offered, a judgment was rendered for plaintiff for the amount of the note.

Defendant urges his contention again in this court. Plaintiffs' counsel argues that, conceding defendant's version of the $1,500 transaction is as he states it, it cannot be set off in this action, because it was not shown with any certainty what the balance was which was assigned to defendant; that it was not shown whether the land had been sold, and if not sold, whether the father's equity therein had been transferred to defendant; further, that neither Brown, the vendee, nor the mortgagee is before the court, and therefore their respective rights therein could not be determined; that the claim of the father, if there be one, is a proper subject of inquiry by a court of equity, but not of law. These suggestions on the part of defendants' counsel make it obvious that the claim is not a proper subject of setoff. What defendant is attempting to do in effect is to set off an equitable claim against plaintiffs, which has been assigned to him, against a debt owing by himself when suit is brought thereon in a court of law. In order to make a claim available as a set-off, it must be liquidated. *Smith* v. *Warner*, 14 Mich. 152; *Holland* v. *Rea*, 48 Mich. 218 (12 N. W. 167). It must be conceded that this claim is not liquidated, and therefore cannot be used to defeat plaintiffs' claim.

The judgment must be affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.