AMERICAN VARNISH CO. *v.* GLOBE FURNITURE CO.

1. SALES—WARRANTIES—BREACH OF EXPRESS WARRANTY—TRIAL.
    If an action for the purchase price of varnish, in which a counterclaim for breach of express warranty is made, is tried on the theory of an express warranty, an implied warranty is excluded.

2. SAME—BREACH OF WARRANTY—DAMAGES—RECOUPMENT—STATUTES.
    Under the uniform sales act (Act No. 100, Pub. Acts 1913, § 69, 3 Comp. Laws 1915, § 11900), providing that where there is a breach of warranty by the seller, the buyer may, at his election, accept or keep the goods, and set up the breach of warranty by way of recoupment in diminution or extinction of the price, the defendant, in an action to recover the purchase price of varnish, may recoup damages for breach of warranty in that the varnish does not stick.

3. SAME—BREACH OF WARRANTY—EVIDENCE—QUESTION FOR JURY.
    Evidence *held*, to present jury questions as to whether there was an express warranty that the varnish would

not stick and whether such warranty applied not only to the original order, but also to subsequent ones.

Error to Wayne; Barton, J., presiding. Submitted October 5, 1917. (Docket No. 38.) Decided December 27, 1917.

Assumpsit by the American Varnish Company against the Globe Furniture Company for goods sold and delivered. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Merriam, Yerkes & Simons* and *Karl B. Goddard,* for appellant.

*Millis, Griffin, Seely & Streeter,* for appellees.

STONE, J. Plaintiff is an Illinois corporation engaged in the manufacture of varnish of various brands, and for various purposes; its principal place of business being at Chicago. Defendant is a domestic corporation, engaged, since 1873, in the manufacture of furniture, principally church pews, with its plant at Northville. It is the claim of defendant that in the summer of 1909 one Charles A. Peters, a salesman of the plaintiff, after several visits to and conversations with Robert C. Yerkes, an officer of the defendant, induced defendant to discontinue the use of the brand of varnish which it was then using in the manufacture of its church pews, and to use a brand of varnish manufactured and sold by plaintiff under the trade-name of "granite coach varnish."

It was the claim of defendant that one feature of the inducement was an express guaranty and warranty made by plaintiff, through its said salesman, that this brand of varnish would not stick, and that it would dry quickly and become hard, and that it was suitable for use by defendant in finishing church furniture which was being built and installed by de-

fendant; that the brand was one with which the defendant was not familiar, and one which had never been used on church pews, so far as known. In fact one of plaintiff's witnesses who looked after the shipping and testing of varnishes for the plaintiff testified that he did not know of any of its varnish being shipped for use on church pews other than to the defendant; that as a result of this inducement the defendant ordered various amounts of such varnish from the plaintiff during the years 1909, 1910, and 1911, from time to time, as its requirements demanded, and as was its custom; that the initial order was made in August, 1909, and most of the others were taken by said Peters, but a few of them were sent direct to plaintiff's office in Chicago; and that this continued until the early part of January, 1911, during which time plaintiff's granite coach varnish was used exclusively by the defendant in its church pew manufacture. It was the further claim of the defendant that its church pews, finished with plaintiff's granite coach varnish, were, during this period, sent out to its customers in various parts of the United States, notably North Carolina, Ohio, Oklahoma, Nebraska, Indiana, New York, Texas, and Michigan; that the varnish was applied to its product by defendant, during said period, by what it claimed was the standard method of application which had been in use by defendant for 25 years; that the varnish appeared hard and in good condition when shipped and after installation in the various churches, until the hot summer weather of the year 1910, and again in 1911, set in, at which time every job that had been sent out with plaintiff's varnish on it had softened up, and the varnish became so sticky that the clothes of persons sitting in the pews stuck to the seats and backs; that defendant immediately notified the plaintiff as complaints came in from the various churches, and that plaintiff's sales-

man, Peters, hired men and received supplies from plaintiff with which, in the fall of 1910 and 1911, he attempted to refinish and repair some of the work; that defendant also sent men to various places from October, 1910, to June, 1913, at various times in attempts to rectify such trouble; that in the fall of 1910, after a talk with said Peters and investigation of different jobs sent out, defendant came to the conclusion that the varnish was not adapted to use on church pews where the surface was large, and on the advice of said plaintiff's salesman discontinued the use of granite coach varnish on such work, and never used any more on the backs of seats and pews, although one drum was used thereafter on sanitary work. It appeared that at the time of the discontinuance of the use of granite coach varnish by defendant on pew backs and seats a part of the varnish, to wit, that which had been delivered prior to January 18, 1910, had been paid for by the defendant and the balance, as shown by plaintiff's bill of particulars, had not been paid for, and defendant refused to pay for the same on the ground that the varnish had been warranted by plaintiff to be adaptable to use on church furniture, and that it would not stick or print as set out in the notice under the plea, and that there had been a breach of such warranty resulting in damages in a greater amount than the plaintiff's claim. Plaintiff brought suit in assumpsit to recover the purchase price of the varnish then unpaid for, after allowing certain credits.

Upon the trial a large amount of testimony was taken in support of the claims of the respective parties. The plaintiff's claim was that no warranty was given, and that the terms of sale were the same as printed at the top of each invoice, which contained these words:

"We cannot be responsible for unsatisfactory re-

sults, but will make an allowance from invoice price on all unsatisfactory goods returned to us."

The defendant's notice under the general issue claimed recoupment on the ground of express warranty of fitness for the purpose for which the varnish was sold as above stated, and that the defendant was unable to collect the purchase price of its church furniture, and was put to great expense, to wit, $700, in attempts to refinish the work after installation in various parts of the country. At the close of the testimony the trial court directed a verdict for the plaintiff, and against the defendant, for the full amount of the plaintiff's claim, mainly on the ground that recoupment would not lie because defendant was seeking to recoup out of a different contract than that sued upon. Judgment was directed for the plaintiff in the sum of $403.95 damages and costs of suit.

The defendant had requested the court to charge the jury as follows:

"(1) It is the claim of the defendant in this case that the varnish purchased by them from the American Varnish Company was applied by the employees of the defendant in precisely the same manner that they had always applied it, and by the same men under the direction of the same foreman, and that the method employed by them was the standard or usual method of applying varnish to seats and pews. I charge you that, if you find this to be true, that the defendant was under no obligations to show what the defect, if any, in the varnish was, provided, of course, that you find the varnish was sold to the defendant under a warranty that it would not print, or was suitable to be used by the defendant in the manufacture of church furniture, or both. * * *

"(2) If you find from the testimony in this case that the American Varnish Company, through its agent, Mr. Peters, made a guaranty or warranty to the defendant that the granite coach varnish which he was selling to defendant would not stick, or print, and was of a quality suitable to be used by defendant

in the varnishing of church furniture such as manufactured by defendant, I charge you that such a warranty is an express warranty to that effect.

"(6) It is the claim of the plaintiff in this case that the words: 'We cannot be responsible for unsatisfactory results, but will make allowance at invoice price on all unsatisfactory goods returned to us. All remittances must be made direct to the house. Agents are not allowed to adjust accounts'—printed at the top of each invoice which was sent to the defendant when a shipment of varnish was made, made in each case a new contract between the parties, and that it is on these contracts that they bring this suit. I charge you that the invoice is no part of the contract made between the parties to this case for the purchase and sale of varnish, and that whatever contract was made for that purpose between the parties was made before the invoices were received by the defendant."

Of course, under the circumstances, none of these requests was given. There was a motion for a new trial, based upon the following grounds: (1) Because the court erred in directing a verdict in favor of the plaintiff and against the defendant. (2) Because the court erred in refusing to submit to the jury the question of fact as to whether or not the varnish for which suit was brought was purchased and sold under the contract as claimed by the defendant, with an express warranty that the varnish would not stick, nor print, and was suitable for the purpose of being applied to church seats and pews, or, as claimed by the plaintiff under the statement printed upon each invoice of varnish as delivered, "We cannot be responsible," etc. And, further, because the court refused to give defendant's requests to charge.

This motion for a new trial was denied. Reasons for such denial were seasonably filed, and exception duly entered. The trial court, in denying the motion for a new trial, used the following language:

"It appeared also to the court from the testimony that the items which the plaintiff seeks to recover are separate and independent transactions and have no relation to the orders previously obtained and paid for, and that if the representative of the plaintiff company gave to the defendant company an express warranty with respect to goods purchased from the plaintiff company by defendant company, it was established by the testimony that the warranty so made applied only to varnish which the defendant had previously bought from the plaintiff and paid for, and that under the testimony there was no express warranty with respect to the varnish for which plaintiff is suing.

"That defendant, if it had any claim for damages at all, was not entitled to recoup them in this action, because they could do so only on the theory that there was a violation of the terms of a contract, different from that upon which the plaintiff was suing."

The defendant has appealed, and the assignments of error present the question whether the trial court erred in directing a verdict for the plaintiff, and in refusing to submit to the jury the question whether there had been an express warranty, and, if so, whether or not such warranty covered all the shipments which had been made to the defendant by the plaintiff from time to time. The defendant also takes the position, by its assignments of error, that if there was no express contract, there was an implied contract of fitness for the purpose for which the varnish was sold, and that the court erred in not submitting that question to the jury, as requested.

We will say, in passing, that the pleadings and evidence on the part of the defendant in the case were directed to an express warranty, and the case was tried upon the theory of an express warranty. We think that under these circumstances an implied warranty was excluded. This court has frequently held that an express warranty excludes an implied warranty. An express warranty having been claimed by

the defendant, no other warranty can be implied. *McGraw* v. *Fletcher*, 35 Mich. 104; *Monroe* v. *Hickox, Mull & Hill Co.*, 144 Mich. 30 (107 N. W. 719).

It is the contention of the appellant that recoupment would lie in this case, and that the defendant was not setting up "another and different contract" from the one declared upon. It is urged that it cannot be that every dispute of the slightest detail of plaintiff's claim in the same transaction amounts to the setting up of a different contract so as to preclude recoupment. It is said that the action of the trial court was controlled by the case of *Sharpless Separator Co.* v. *Brown*, 174 Mich. 16 (140 N. W. 528), where this court announced the familiar doctrine that recoupment must arise out of and be based on the contract declared on and approved by plaintiff. We do not think that this case announced any new doctrine. There the plaintiff sued in assumpsit to recover the purchase price of a cream separator sold and delivered to defendant on his written order. The defendant resisted the claim on the ground that the sale was a conditional one, depending on the separator doing certain work, and claimed damages for the failure of the separator to do such work. As the testimony was in conflict as to what the contract was, the trial court submitted the question to the jury to determine whether the sale was absolute or conditional. This court held that if the defendant was permitted to recoup it would have to be against the contract which plaintiff sued on, and not against the contract which he set up in opposition to the plaintiff. This holding, in view of the verdict for defendant on his claim for damages, resulted in this court's affirming upon condition that defendant remit the amount of his damages, and ruled that if the damages by way of recoupment were thus remitted the judgment for the defendant should stand, as the jury had found the contract to be as claimed

by defendant, and the plaintiff had thus failed to make a case. In other words, the plaintiff there had declared upon an absolute contract of sale. It turned out by the verdict of the jury that there was no absolute contract, but a conditional sale only. Therefore the defendant was in no position to recoup his damages for the plaintiff had failed to prove an absolute sale.

In the instant case the plaintiff was seeking to recover for goods sold and delivered to the defendant. The defendant insisted that as a part of the contract of sale the plaintiff had warranted the articles in the particulars specified. We think there is a broad distinction between a conditional sale, and a sale with a warranty. In our opinion the trial court should have submitted to the jury the question whether there was an express warranty in the sale of the articles, for recovery of the price of which the suit was brought. Mr. Mechem has well said in his work on Sales, at section 1231:

"Warranty is to be distinguished from condition; condition is a statement or promise which forms the basis of the contract, and a breach of it entitles the party relying upon it to treat the contract at an end. Warranty, on the other hand, is a collateral or subsidiary promise, the breach of which does not ordinarily terminate the contract, but gives rise merely for an action for damages."

Again, at section 1218:

"The distinction in legal effect is important. Nonperformance of the condition, unless waived, prevents the buyer's liability from attaching, it justifies him in rejecting the goods, repudiating the contract and treating it at an end. The proof of warranty, however, has no such effect; the buyer's liability attaches, he may not usually reject the goods or rescind the contract, and he must find his remedy in an action for damages for injury caused him by the breach."

To insert a warranty into a sale is merely to add a collateral or subsidiary promise to the same contract. Thus the uniform sales act of 1913 (Act No. 100, Pub. Acts 1913, § 69, 3 Comp. Laws 1915, § 11900), is merely declaratory of the common law when it provides:

"Where there is a breach of warranty by the seller, the buyer may, at his election:

"(*a*) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price."

We gather from the language of the trial court in overruling the motion for a new trial that it was of the opinion that the warranty, if any, did not apply to each order or shipment of the varnish. A perusal of this record satisfies us that this became a question of fact for the jury under all the circumstances in the case, and that the court should have submitted to the jury the questions first: Whether there was an express warranty in the first instance; and, secondly, if so, whether that warranty applied to the subsequent orders as well as to the first one. It goes without saying that if each order was an independent and distinct contract, then the court was right in saying that no recoupment could be allowed because not based on the contract sued upon. We think that this begged the entire question, which under the evidence became a question of fact, to be submitted to the jury under proper instructions, and that the court erred in directing a verdict for the plaintiff. Other questions, discussed by counsel, presented questions of fact which should not have been disposed of as questions of law.

The judgment of the circuit court is therefore reversed, and a new trial granted, with costs to the defendant.

Kuhn, C. J., and Ostrander, Bird, Moore, Steere, Brooke, and Fellows, JJ., concurred.