FLYNN *v.* BARRY.

1. SET-OFF AND COUNTERCLAIM—RECOUPMENT.
    Recoupment is the right of defendant, in the same action, to claim damages from plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the making or performance of that contract.

2. SAME—RECOUPMENT MUST BE PLEADED TO BE AVAILABLE.
    In an action for the contract price of constructing a spur track, where the defense was the general issue, testimony that certain of the material and construction did not comply with the terms of the contract was properly rejected, since the defense was obviously recoupment, which under Circuit Court Rule No. 23, § 5, was not available unless notice of it had been given, pointing out in what respect the contract sued upon had been broken.

3. CONTRACTS—ACCEPTANCE—TRIAL—INSTRUCTIONS.
    In an action for the contract price of constructing a spur track, an instruction by the trial court that the spur track had been accepted and used, *held*, justified by the record.

Error to Wayne; Mandell (Henry A.), J.   Submitted December 5, 1922.   (Docket No. 50.)   Decided December 29, 1922.

Assumpsit by Daniel C. Flynn and John Gower, copartners as the Detroit Railroad Track Company, against Leo J. Barry on a contract for the construction of a railroad track.   Judgment for plaintiffs.   Defendant brings error.   Affirmed.

*M. F. McDonald,* for appellant.

*Marion S. Harlan,* for appellees.

FELLOWS, C. J.   By written proposal and acceptance plaintiffs and defendant entered into a contract whereby plaintiffs agreed to construct a spur track for defendant.   The track was installed and has since been used by defendant.   No part of the contract price having been paid, plaintiffs brought this suit counting on the contract, a copy of which was attached to the declaration, to which count was added the common counts.   Defendant pleaded the general issue alone. Upon the trial plaintiffs relied upon the special count and established the contract, its performance and defendant's failure to pay.  . Defendant then sought to show in his defense that certain of the material and construction was not in accordance with the contract. The trial judge entertained the view that this defense was the defense of recoupment and that it could not be made under the general issue.   Defendant's counsel did not ask to amend his pleadings but excepted to the ruling and here assails its correctness.   The trial judge was quite right.   Recoupment is defined as follows:

"Recoupment is the act of rebating or recouping a part of a claim upon which one is sued by means of a legal or equitable right resulting from a counterclaim arising out of the same transaction.   It is the

right of defendant, in the same action, to claim damages from plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the making or performance of that contract. It is an innovation on the strict rules of common law, and rests upon the principle that it is just and equitable to settle in one action all claims growing out of the same contract or transaction. In its original strict sense it was a mere reduction of the damages claimed by plaintiff, by proof, of mitigating circumstances connected with or growing out of the transaction upon which plaintiff's claim was based, showing that it would be contrary to equity and good conscience to suffer plaintiff to recover the full amount of his claim, being considered in the nature of a doctrine of mere mitigation of damages, and was of very limited application. But in more recent practice the doctrine has been greatly extended in its application, and is spoken of as a liberal and beneficial improvement upon the old doctrine of failure of consideration, and is now generally regarded as in the nature of a cross action, the right of plaintiff to sue being admitted, but defendant alleging that he has been injured by a breach of another branch of the same contract on which the action is founded and claiming to stop, cut off, or keep back so much of plaintiff's damages as will satisfy the damages which have been sustained by defendant. In some States recoupment has been made statutory." 34 Cyc. p. 623.

By the opening statement of defendant's counsel and by the proof offered by him it appeared that defendant sought to show that certain of the material and construction did not comply with the terms of the contract counted on, that there had been breaches of the identical contract in issue. This was clearly a counterclaim for damages arising out of the very contract sued upon. Obviously this defense was recoupment. *Sharpless Separator Co.* v. *Brown,* 174 Mich. 16; *American Varnish Co.* v. *Furniture Co.,* 199 Mich. 316. And notice of it must be given. Circuit Court Rule No. 23, § 5. This court has frequently held both

before and since the adoption of the present rules that recoupment may not be relied upon unless notice of it be given; and the notice must point out in what respect the contract sued upon has been broken. *Kerr* v. *Bennett,* 109 Mich. 546; *Detroit River Transit Co.* v. *Aldrich,* 176 Mich. 357. In the last-cited case it was said:

"Recoupment is, in its nature, a cross-action for damages, an affirmative defense in relation to which the defendant is, in effect, plaintiff and may recover a money verdict in his favor if his claim exceeds plaintiff's demand. Such claim must be properly pleaded, as in a declaration."

Error is assigned upon the statement of the court in his charge that the spur track had been accepted and used. The record justifies the statement. Plaintiff Gower testified without dispute that "the job was accepted by Mr. Barry and the Detroit Terminal Railroad. Cars were put in operation and put in on the tracks," and defendant's counsel in a colloquy with the court admitted that the track was used.

The judgment will be affirmed.

WIEST, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.