GURN *v.* MURRAY.

1. SALES—CATTLE—BREACH OF WARRANTY—RELIANCE A QUESTION FOR JURY—EVIDENCE.

Whether or not buyer of cattle did rely upon representation of seller's agent that cattle were free from disease, while strictly speaking a matter for jury, an instruction that plaintiff had a right to rely on such representations if made, and that plaintiff did rely upon such representations, and that if jury found cattle were not free from disease so that plaintiff's cattle became infected therewith, *held,* error, but not reversible error, where evidence is undisputed that plaintiff did rely on such representation.

2. Appeal and Error—Breach of Warranty—Record.
  Record in action for breach of warranty of freedom from sickness in cattle sold plaintiff by defendant *held*, not to disclose occasion for setting judgment aside and granting a new trial.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 10, 1939. (Docket No. 87, Calendar No. 40,329.) Decided March 9, 1939.

Action by Walter E. Gurn against Paul Murray for damages for fraud and misrepresentation and breach of warranty in the sale of cattle. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Carl E. Hoffman* and *Leo W. Hoffman* (*Clare E. Hoffman*, of counsel), for plaintiff.

*Abner Dilley* and *Harry Pell*, for defendant.

WIEST, J. A jury cast defendant in damages for trading plaintiff livestock infected with "shipping fever," a communicable disease which caused loss of some of plaintiff's livestock. The first count in the declaration charged fraud and fraudulent representations, and the second count an express warranty against disease and breach thereof. The court found no evidence of fraud but left the issue of warranty and breach thereof to the jury. Defendant reviews by appeal and claims the verdict was against the great weight of the evidence and there was error in refusing requested instructions and in the instructions given the jury.

Plaintiff, a farmer, wanted some livestock. Defendant operated a meat-packing plant, with a yard for stock, and also had livestock on a farm. Through defendant's livestock foreman, Arthur Powell, plaintiff obtained some livestock from defendant's farm

and testified that Mr. Powell told him that he would be taking a chance if he took cattle from the stock-yards but, ''If you get any cattle from the farm, I will guarantee you are taking no chances of disease.''

The livestock, including a heifer, was taken from the defendant's farm to plaintiff's. The next day, it is claimed, the heifer was coughing, had shipping sickness, and the disease spread to other stock, caus-ing the death of several head and injury to others. Right after delivery of the stock to plaintiff, the stock on defendant's farm had shipping fever, and a few days later several head of plaintiff's stock had the disease.

The issues were of fact. The verdict was fully supported by the evidence and not against the great weight thereof. The requested instructions, so far as applicable, were sufficiently covered by the in-structions to the jury.

Error is alleged upon the following instruction:

''The plaintiff in this case, Mr. Gurn, had a right to rely upon the representations of Mr. Murray and his agent, if you find that such representations were in fact made, and it is undisputed from the testimony in this case that he did rely upon any representations made by the defendant, Paul Murray, and his agent.''

Immediately following this instruction the court charged:

''If the defendant, or Mr. Powell acting for him, told the plaintiff that his, Murray's animals, were free from disease and if you find by a preponderance of the evidence that they were not free from disease, and because they were not free from disease, Gurn's cows became infected, then Gurn is entitled to re-cover.''

Strictly speaking it was for the jury to say whether Mr. Gurn relied upon the representation, if

made, but, inasmuch as the fact of his reliance was not disputed by any evidence, we do not consider the mentioned instruction sufficient error to call for reversal.

Upon an examination of the record we find no occasion to set the judgment aside and grant a new trial.

The judgment is affirmed, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.