PACE v. PENNY.

No. 31298. Feb. 1, 1944.

Rehearing Denied April 18, 1944.

*147 P. 2d 991.*

Brown & Cund, of Duncan, for plaintiff in error.

Robert E. Shelton, of Oklahoma City, and Jerome Sullivan, of Duncan, for defendant in error.

HURST, J. Plaintiff Penny sued to recover damages for breach of contract to accept and pay for a block of oil and gas leases assembled by Penny. The alleged agreement was made orally about September. 11, 1940, and was confirmed by a letter, dated November 12, 1940, and addressed to Penny. The material parts of the letter are as follows:

"This letter is to state that if you get a proper acceptable solid block of five year oil and gas leases on lands in and around Section 31, Township 4 North, Range 4 East, Pontotoc a n d Garvin Counties, Oklahoma, and if you get all necessary signatures on same and good and acceptable titles, including the necessary abstracts, supplements and curative matter, I agree to pay you $3.00 per acre for such of said leases as we have agreed on may be acceptable to me and my attorneys as for titles and to me for location.

"It is particularly agreed that when all of said leases are properly, solidly and acceptably blocked and titles are examined and accepted, the said $3.00 will be due you, but if you do not get a practically solid block as agreed on and if titles are not accepted by our attorneys, I will not be obligated to pay the said $3.00 per acre.

"It is mutually understood that no obligation on my part obtains unless said block is accepted in every way. . . .

"Yours very truly,
(Signed) Geo. L. Pace."

"Accepted by:
"(Signed) O. S. Penny."

Plaintiff alleged that pursuant to said contract he procured leases and furnished to defendant abstracts of title covering some 3,030 acres of land on which he secured oil and gas leases, and that on or about March 26, 1941, the defendant accepted and approved said block of leases, but that thereafter he failed and refused to pay for the same.

The defendant in his answer admitted the contract, but denied that he had accepted the block of leases. He alleged that his attorney made title requirements which the plaintiff failed to comply with; that on April 1, 1941, the plaintiff advised him that he could not comply with the title requirements and that he could dispose of the block of leases to other parties to better advantage and desired to be released from said contract; and that defendant released plaintiff from said contract by letter dated April 1, 1941, signed by the defendant, and also accepted and signed by the plaintiff. (Evidence was introduced tending to show that this release was conditional only.) Defendant also filed a cross-petition seeking judgment for $520, with interest, which was advanced by defendant to plaintiff in connection with the contract.

At the trial there was a sharp conflict in the testimony as to whether defendant accepted the block of leases and as to whether plaintiff released him from the contract. It is clear from the testimony that defendant's attorney did make title requirements in connection with many of the leases that were not complied with.

The jury returned a verdict in favor of the plaintiff for $3,140, on which judgment was rendered, and from which defendant appeals.

The defendant, for reversal, argues but two propositions: (1) that the trial court committed reversible error in admitting evidence over the objection of the defendant tending to show a waiver by the defendant of compliance with the terms of the contract by the plaintiff, when the plaintiff had not pleaded waiver; and (2) that the trial court committed reversible error in instructing on the doctrine of waiver.

The plaintiff contends that the evidence that was objected to was not introduced on the theory of waiver but on the theory that the defendant had accepted the lease, and that, while the trial court in instruction No. 5 did use the word waiver, the instructions, when taken as a whole, clearly advised the jury that plaintiff could not recover unless defendant had accepted the titles.

While it is true, as argued by Pace,

that the defense of waiver, to be admissible in evidence, must be specifically pleaded, yet we believe there is such a close relation between acceptance and waiver in this type of cases that where the performance is accepted, though it is different from that agreed to, it is in effect a waiver of strict compliance. The plaintiff cites, in support of this principle, authorities pertaining to building contracts, such as 9 C. J. 796; 17 C. J. S. 1100; Flynn v. Barry, 221 Mich. 422, 191 N. W. 215; Hooper v. Cuneo, 227 Mass. 37, 116 N. E. 237; Moss v. Best Knitting Mills, 190 N. C. 644, 130 S. E. 635; Zambakian v. Leson, 77 Colo. 183, 234 P. 1065. Under this rule a plea of acceptance will make admissible evidence of acceptance, though it also incidentally constitutes a waiver of exact performance. In Ohio Fuel Co. v. McKain, 103 Okla. 121, 229 P. 414, this court followed this line of authorities in a case similar to the instant case.

The letter contract of November 12, 1940, above quoted, merely required that the titles be accepted. It is silent as to the form of acceptance.

We conclude that the evidence complained of was admissible as tending to show acceptance, and that the instructions did not mislead the jury.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, and ARNOLD, JJ., concur. BAYLESS, J., dissents. WELCH and DAVISON, JJ., absent.