The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.

FESS, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.

COMPTON, APPELLEE, *v.* THE M. O'NEIL CO., APPELLANT.

(No. 4518—Decided September 28, 1955.)

*Mr. Alvin C. Vinopal* and *Messrs. Payer, Bleiweiss & Crow,* for appellee.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellant.

HUNSICKER, J. This is an appeal on questions of law.

Mrs. Lena Compton, the appellee herein, on September 10, 1947, purchased from the appellant, The M. O'Neil Company, herein called O'Neil's, a Revere Ware pressure cooker. Mrs. Compton testified that she asked the saleslady, at the time of the purchase, if the pressure cooker was safe, and she said the saleslady replied, "absolutely, it is safe, because M. O'Neil's stands back of everything they sell." This testimony is not contradicted in the record. A small pamphlet of instructions on the use and operation of the cooker was delivered with the cooker to the home of Mrs. Compton.

She used the cooker for several years, and on April 26, 1950, while attempting to release the cover of this pressure cooker, it exploded, causing hot liquid and the contents (a pot roast) to splatter onto Mrs. Compton, resulting in severe burns to her face and body.

The construction of the cooker was such as to permit particles of food to come up into the steam escape valve. There was no screen guarding this outlet. The pressure gauge on this cooker (upon inspection by a competent person) was found to register pressure at five pounds per square inch more than the gauge indicated. Thus, when the gauge showed "zero" or no pressure, there was actually five pounds of pressure per square inch for each square inch of surface on the cooker lid or cover.

This gauge, upon examination, was found not to be in a damaged condition, and such examination showed no deterioration of its mechanical parts.

Interrogatories were submitted to the jury by counsel for O'Neil's, and the jury found, among other things, that this cooker was not safe and harmless on the date it was sold to Mrs. Compton, and that it was not safe and harmless on the day when she received her injuries.

The jury returned a verdict of $7,500 for Mrs. Compton, and from the judgment rendered on such verdict an appeal is brought to this court.

It is not necessary for us to detail the five assignments of error. We do not find any error prejudicial to the appellant, The M. O'Neil Company, unless it be that the trial court, in its charge to the jury, incorrectly held that the statement claimed

to have been made by the saleslady of O'Neil's to Mrs. Compton constituted an express warranty as a matter of law. In other words, the only question herein is, Did the language of the saleslady to Mrs. Compton constitute an express warranty as a matter of law, or was it necessary for the trial court to submit to the jury the question as to whether such language amounted to a warranty? It is to this question that we direct our attention.

The petition set out two causes of action; one based upon negligence, and the other based upon a breach of warranty. The trial court submitted to the jury the issue of breach of an express warranty only, and, in doing so, said to the jury, among other things:

"The claim of the plaintiff is to the effect, and this is not disputed, that she purchased a Revere Ware pressure cooker from the M. O'Neil Company. She claims that the M. O'Neil Company made representations and warranties that the cooker was safe and harmless, and that she relied upon those representations and warranties, and but for them she would not have bought the cooker. She says that having made that warranty, that she relied upon the truth that it was safe and harmless and that having relied upon it, she bought the cooker, she used the cooker, and that the cooker was not safe and harmless, and because it was not safe and harmless, the representation and warranty of the O'Neil Company was false, and that because it was not safe and harmless, she was injured, and therefore, because she was injured, was because it was an incorrect warranty and representation on the part of the O'Neil Company, for which I say to you as a matter of law, if they did make an incorrect and untrue warranty, and that the reliance on the warranty was the cause of the injury which the plaintiff sustained, then, in that event, the plaintiff would be entitled to a verdict in this case."

There was no instruction given to the jury as to what constituted a warranty, for the position taken by the trial court was that the words used by the saleslady when Mrs. Compton purchased the pressure cooker (if the jury found that they were made by the saleslady) constituted an express warranty as a matter of law, for which, if the jury found the cooker to be in the same condition as when it was purchased, the appellant, O'Neil's, would be liable.

Section 8392, General Code, of the Sales Act, in effect when the statements were made to Mrs. Compton, said that an express warranty is—

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

No technical or particular words or forms of expression are necessary to create an express warranty, and the word "warrant" or "warranty" need not be used. Whatever words are used must be sufficient to create a warranty. It need not be in writing or be made in specific terms. *Beckett* v. *F. W. Woolworth Co.*, 376 Ill., 470, 34 N. E. (2d), 427; *Adrian et al., d. b. a. Twin Oaks Farm*, v. *Elmer, d. b. a. Bob White Hereford Farms*, 178 Kan., 242, 284 P. (2d), 599; *Eden* v. *Vloedman*, 202 Okla., 462, 214 P. (2d), 930; *McNeir* v. *Greer-Hale Chinchilla Ranch*, 194 Va., 623, 74 S. E. (2d), 165; 1 Williston on Sales (Revised Ed.), Section 194.

In the instant case, we have testimony concerning the oral statement of the saleslady that the pressure cooker was safe. This word is defined by Webster's New International Dictionary, Second Edition, to mean "1. Freed from harm, injury, or risk * * *. * * *. 6. To be relied upon; trustworthy * * *." The synonym given is "secure." "Safe" suggests the objective freedom from danger of any kind.

Under ordinary circumstances, such a positive statement would seem to impart a warranty as to condition and quality. Intention to warrant, on the part of the person making the statement, is not necessary, in view of the definition of an express warranty. 1 Williston on Sales (Revised Ed.), Section 201, and authorities there cited.

In 46 American Jurisprudence, Sales, Section 321, there is cited considerable authority for the following statements:

"If the facts or affirmations relied on to prove an express warranty rest wholly or partly in parol, it has been held that it is ordinarily the province of the jury to determine whether they

amount to an express warranty. There is, however, much authority to the effect that the court must determine whether an affirmation contained in an agreement in writing amounts to a warranty or not, and the same has been held true as regards an undisputed and unequivocal oral affirmation.''

See also: 77 Corpus Juris Secundum, Sales, Section 369 b, for a similar statement.

Our own research discloses that the great weight of authority in this country is to the effect that if the statement relied on as an express warranty rests wholly in parol, it is the province of the jury to determine whether that oral statement amounts to an express warranty. *Adrian* v. *Elmer, supra*; *Eden* v. *Vloedman, supra*; *Greer* v. *Whalen*, 125 Md., 273, 93 A., 521; *American Varnish Co.* v. *Globe Furniture Co.*, 199 Mich., 316, 165 N. W., 1050; *Hodges* v. *Smith*, 158 N. C., 256, 73 S. E., 807; *Gurn* v. *Murray*, 288 Mich., 143, 284 N. W., 676; *Hagedorn* v. *Taggart* (Dist. of Columbia), 114 A. (2d), 430; *Hercules Powder Co.* v. *Rich*, 3 F. (2d), 12; *Titus* v. *Poole*, 145 N. Y., 414, 40 N. E., 228; *Roberts Distributing Co.* v. *Kaye-Halbert Corp.*, 126 Cal. App. (2d), 664, 272 P. (2d), 886; *Van Horn* v. *Stautz*, 297 Ill., 530, 131 N. E., 153.

We therefore conclude, in the instant case, that when the trial court instructed the jury to the effect that, if the saleslady for the O'Neil Company made the oral statement attributed to her, then such statement amounted to an express warranty as a matter of law, it committed error prejudicial to the substantial rights of the appellant.

We have examined all other claimed errors and find none prejudicial. The judgment of the trial court is reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and DOYLE, J., concur.