## Morris v. Hokosona.

### [No. 3784.]

1. CONTRACT—*Performance.* Where the plaintiff counts upon an executory contract, alleging performance, he can recover only on proof of full performance, or that defendant accepted as performance, what was done. (252)

2. —— *Substantial Performance.* Where substantial performance of a contract is accepted, recovery may be had upon the contract for the amount stipulated, less such amount as will compensate for the failure to make strict performance. If there be not such substantial performance no recovery can be had upon the contract.

Deviations which are more than slight or trivial will defeat a recovery. (253)

3. —— *Instructions.* And the court should instruct the jury that substantial performance means an attempt in good faith to perform, strictly and fully, what the party has undertaken, and that only slight or inadvertent departures, not affecting the value of the structure, and which are capable of remedy, will be excused. (253, 254)

4. —— *Evidence—Burden of Proof.* The burden is upon the plaintiff to prove such substantial performance as will entitle him to recover and the amount necessary to compensate for his failure to strictly perform.

But the defendant may assume the burden of proving the amount necessary to make compensation. (254)

*Appeal from Denver District Court.* Hon. Geo. W. Allen, Judge.

Messrs. W. B. Tebbetts, Herbert M. Munroe for appellant.

Mr. Geo. S. Redd for appellee.

Morgan, J.

Appeal by the defendant from a judgment on a verdict in favor of the plaintiff, in an action for an unpaid balance on a written contract for the construction of four dams, which the plaintiff alleges he completed in compliance with the contract, with the further allegation that the defendant accepted the work as it progressed; including a second cause of action for some extra work done under an oral agreement. Defendant claims that the dams were not constructed according to the contract, and the written specifications attached thereto, and that the dams leaked very much, and did not hold the

water because the contract was not complied with in reference to the excavations required to be made under the dams, and because of insufficient packing of the dirt, denying that he accepted the work as it progressed; claiming damages for failure to perform, and denying liability for the extra work. The judgment was for the unpaid balance of the entire contract price, and for the amount claimed for the extra work, done by the plaintiff in filling certain holes made in obtaining dirt with which to construct the dams.

Three distinct questions of fact were thus clearly presented by the pleadings, and contested at the trial; (a) was the contract fully performed, either by actual fulfillment or by acceptance *as such?* If so, then the plaintiff could recover the amount sued for on the contract. (b) If not so, then, was there such a substantial performance as would permit a recovery, *on the contract,* less such amount as would compensate the defendant for failure to strictly perform? If so, then, the plaintiff could recover the amount sued for on the contract, less the amount for such compensation, but if not so, then the plaintiff could not recover *on the contract.* (c). The issue as to the extra work. But the jury was instructed —(1), that it should find for the plaintiff for the balance of the entire contract price, if it found that he had *substantially* performed the contract; (2), if it found otherwise the verdict should be for the defendant; (3), if it found for the plaintiff it should also allow him such sum for the extra work as the parties had agreed upon. These instructions were incomplete and wholly insufficient to advise the jury in its deliberations.

It seems neither reasonable nor lawful that the plaintiff should be permitted to recover the entire contract price on a mere substantial performance, unless it were found, under proper instruction, that defendant accepted the work, and thereby waived a full performance; nor, that the plaintiff should recover for the extra work, unless it were found, under proper instruction, that the new contract was made as plaintiff claimed. Furthermore, in an action on an entire

building contract, claiming *full* performance and the *entire* contract price, the court should never instruct the jury, that the entire contract price may be recovered on a substantial performance, without a further instruction that, from the entire contract price, such amount must be deducted as will be sufficient to compensate the employer for the failure to fully perform the contract.

Anson on the Law of Contract (Huffcut's 2d Am. Ed.) 352, § 366; *Idaho Co. v. Colo. Co.,* 49 Colo. 66, 72, 111 Pac. 553; *Lombard v. Overland D. & R. Co.,* 41 Colo. 253, 92 Pac. 695; *Charles v. Hallack Lbr. Co.,* 22 Colo. 283, 43 Pac. 548; *Spence v. Hamm,* 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; *Nolan v. Whitney,* 88 N. Y. 648; *Pitcairn v. Philip Hiss Co.,* 113 Fed. 492, 51 C. C. A. 323; Bishop on Cont. (2d Enlarged Ed.), §§ 1421 1445; 2 Suth. on Dam. (2d Ed.), § 711; 6 Cyc. 87, 88.

Anson says:

"366. *Substantial performance at law.* The equitable doctrine of substantial performance has been adopted in common law actions in many states, and particularly in the adjustment of rights under building contract. If the contractor has acted in good faith and has substantially performed, he will be allowed to recover notwithstanding slight deviations from the contract, but his recovery will be diminished by the amount necessary to compensate for the deficiency. But deviations which are more than slight or trivial, or which are wilful, will defeat a recovery. This doctrine of substantial performance applies also to other contracts."

See also: *Phillips v. Gallant,* 62 N. Y. 256; *Woodward v. Fuller,* 80 N. Y. 312; *Hattin v. Chase,* 88 Me. 237, 33 Atl. 989; *Crouch v. Gutman,* 134 N. Y. 45, 31 N. E. 271, 30 Am. St. 608; *Ashley v. Henahan,* 56 O. St. 559, 47 N. E. 573.

Furthermore, the court in such instances, should explain to the jury that substantial performance permitting a recovery on the contract means an attempt in good faith to strictly

and fully perform and is not satisfied unless there has been only slight or inadvertent omissions or departures which have not affected the value of the structure and which are capable of remedy and for which the employer may be compensated by a reduction of the contract price.

See foregoing authorities.

Such right to recover on the contract is fully explained in the authorities cited, and it is further disclosed that when the action is on the contract, claiming full performance, and a recovery is allowed on a substantial performance less such amount as would be required to compensate the defendant, the burden is upon the plaintiff to prove such substantial performance as will entitle him to so recover, and also establish the amount necessary to compensate the defendant for failure of performance.

*Spence v. Ham*, 163 N. Y. 220, 226, 57 N. E. 412, 51 L. R. A. 238.

In that case the court said:

"The contractor cannot recover the entire contract price when defects or omissions appear, for he must show not only that they were unsubstantial and unintentional, but also the amount needed to make them good, so that it can be deducted from the contract price and a recovery had for the balance only. This is an essential part of substantial performance, and hence the proof should be furnished by the one who claims substantial performance."

The same opinion is indicated in *Walling v. Warren*, 2 Colo. 434, 438.

It seems, however, there would be no reason why this burden as to compensation might not be shifted to the defendant, employer, if it be so assumed in the pleadings and on the trial: *Leeds v. Little*, 42 Minn. 414, 40 N. W. 309. *Niemeyer v. Woods*, 72 Ap. Div. 636, 76 N. Y. Supp. 563.

In the pending case the defendant pleaded what he calls a counter-claim for damages, which is in effect nothing more

than a statement of the defects in the dams and the particulars in which the contract was not complied with, and, hence a claim for recoupment, or compensation, as aforesaid, and, under the reasoning in the case of *Charles v. Hallack Lbr. Co.,* 22 Colo. 283, 291, 43 Pac. 548, this case comes within the theory above mentioned, whereby the defendant has assumed the burden of proving the amount necessary to compensate him for the non-performance.

The judgment must be reversed for lack of any instructions in a legal sense, and the foregoing exposition of the law is made in contemplation of another trial, and in the further contemplation that plaintiff may desire to recover on a substantial performance as distinguished from a strict performance, in case he fail to satisfy the jury that he has strictly performed, and that the work was accepted, as he alleged.

This case seems to have been tried on the theory of a strict and full performance, and if the parties try it again in the same way, the plaintiff could recover, only upon proof of full performance, or upon proof that the defendant accepted the work done *as a full performance.*

*Lombard v. Overland D. & R. Co., supra; Elliott v. Caldwell,* 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52; *Gillespie Tool Co. v. Wilson,* 123 Penn. 19, 16 Atl. 36.

The pleadings are sufficient, however, to permit a trial as heretofore indicated, followed by instructions on the issues as hereinbefore pointed out. The parties may amend, however, as they may be advised.

Now, as to the extra work; it seems a dispute arose at the time the plaintiff claims to have completed the work, in regard to the digging of some holes in a place not authorized by the defendant, the contract providing that the dirt with which to build the dams should be taken from places designated by the defendant. When this dispute arose, a new contract was entered into, settling the dispute as to the filling of the holes, by which new contract the defendant claims the

plaintiff agreed to fill the holes and repair dam number 1, which seems to have leaked more than the others, so that it would not leak, in consideration of defendant's paying for the labor required to fill up the holes; plaintiff claiming he was to be paid for filling the holes without reference to repairing the dam.    Here was a direct issue that should have been submitted to the jury, not exactly as defendant requested, nor as the court submitted it; but, under the pleadings and the evidence, the issue should have been submitted to the jury, as a matter of law, that—if this new contract was made as plaintiff claims, that is, nothing was agreed as to repairing the dam, then the plaintiff should recover for the actual cost of the work in filling the holes according to the prices agreed upon; but, if the repairing of the dam was included, as defendant claims, then plaintiff could not recover anything for filling the holes until he repaired the dam so it would not leak, as the repairing of the dam would be a condition precedent to be performed before a recovery would be permitted for the extra work in filling the holes.

*Reversed and remanded* for further proceedings in accordance with this opinion.