## No. 8761.

### LOUTHAN v. CARSON.

1. FRAUD—*Evidence.* The evidence examined and held insufficient to establish fraud in procuring defendant's signature to the contract relied upon by plaintiff.

2. CONTRACT—*Performance.* Literal performance not required. Trivial defects or deviations from a contract for the erection of a house are to be compensated by an allowance in respect thereof. The entire contract price is not to be denied to the builder.

The evidence examined and held to establish substantial performance of the builder's contract.

3. NEW TRIAL—*Weight of Evidence.* A verdict manifestly against the weight of the evidence cannot stand.

*Error to Arapahoe District Court, Hon. H. S. Class, Judge.*

Mr. R. H. BLACKMAN, Mr. H. RIDDELL, Mr. C. V. MEAD, Mr. C. A. ROBERTS and Mr. L. M. ROBERTS, for plaintiffs in error.

Mr. W. H. CALEY and Messrs. CRUMP & ALLEN, for defendant in error.

THIS is an action brought by plaintiff in error, plaintiff below, as a builder, against the defendant in error, defendant below, as owner, to recover the contract price for building a house or bungalow.

The plaintiff's complaint sets forth an alleged written contract entered into by the parties on September 16, 1910. The contract includes certain specifications. The complaint alleges performance on the part of plaintiff, and acceptance of the building by the defendant. Other allegations need not now be noticed.

The defendant filed an answer wherein she alleged, in substance, that the parties some time prior to September 16, 1910 entered into a verbal agreement with reference to the building of the house, the materials to be used, and workmanship; that the defendant was induced to sign the paper containing the alleged written agreement by reason of fraud of the plaintiff who, as she alleges, fraudulently represented to the defendant that the written agreement contained all of the stipulations theretofore made by the parties with reference to the materials, workmanship, and manner of building the house; that the written instrument, so signed by the defendant, did not in fact contain the stipulations theretofore agreed on by the parties, and is not the contract of the defendant. The answer also contains allegations tending to show that the materials used and workmanship were defective, and not in accordance with the verbal agreement, and also alleges that the defendant has been damaged by reason of the alleged inferior materials used and inferior workmanship put upon the house.

The plaintiff filed a replication denying all new matter contained in the answer.

A trial was had to a jury which found the issues for the defendant. Thereafter and upon the overruling of a motion for a new trial a judgment was entered upon the verdict, that the plaintiff take nothing and that the defendant recover costs. The plaintiff brings the case here for review.

It is assigned as error, and argued by plaintiff in error, that the verdict is against and contrary to the weight of the evidence.

The evidence was clearly insufficient to prove that the plaintiff obtained defendant's signature to the written contract by fraud. Prior to the signing of the contract the parties had one or more conversations about the building of the house. The plaintiff prepared the written contract and submitted it to the defendant. The defendant could not read English, and therefore handed the contract to her daughter, who was present, and the latter read the contract. At the trial the daughter testified that she understood some parts of the contract, and did not understand other portions thereof; that she advised her mother, the defendant, to sign the contract because the plaintiff told them that he would do as he stated, and "exactly as he was asked." The evidence does not show that the written instrument conflicted in any material manner with the prior verbal understanding among the parties.

The evidence, when viewed in the light most favorable to the defendant, is amply sufficient to show that the plaintiff sufficiently performed his part of the contract in order to maintain an action for the contract price. A literal and strict performance on the part of the plaintiff is not required. 9 C. J. 739, sec. 78. In the case of Morris v. Hokosona, 26 Colo. App. 251, 253, 143 Pac. 826, 827, the court, quoting from Anson on the Law of Contract, said:

"The equitable doctrine of substantial performance has been adopted in commonlaw actions in many states, and particularly in the adjustment of rights under building contract. If the contractor has acted in good faith and has substantially performed, he will be allowed to recover notwithstanding slight deviations from the contract; but his recovery will be diminished by the amount necessary to compensate for the deficiency. * * *"

The evidence shows that the house was built in the style and of the size agreed upon, and that upon its completion the defendant and her daughter moved into the same and occupied the house for about two years. The plaintiff testified that he built the house according to the terms of the contract, and there is insufficient evidence to warrant the

conclusion that he had not attempted in good faith to perform fully and strictly the terms of the agreement on his part.

The plaintiff testified that upon the completion of the house the defendant said: "I am very well pleased with my little house, and very glad to get moved." The defendant testified that she did not say this, but neither did she testify that she found material defects in the building or in its construction. She testified that she told plaintiff "that the flooring was awful poor flooring." The witness Ender, for the defendant, testified that the flooring was "Star flooring", and that it will usually splinter "if you get water on it." He also testified that some "second-hand lumber" had been used, and that the porches are "cheap." Some complaint is predicated on the use by plaintiff of "pilaster finish" instead of "O. G. finish", but it is not shown that this was a material deviation from any of the terms of the contract, and furthermore the plaintiff testified that the change was made because the lumber company were out of the O. G. finish, and that the defendant consented to the change after he "showed her how it would look."

The daughter of the defendant testified that she was at the house several times during its construction and made objections to the style of the roof, and to the use of second-hand lumber, and that after the house was completed she spoke to the plaintiff about a window, "of the banister in the stairway, and the bottom step was nearer than the others," and also spoke about the floors being splintered. It is difficult to determine from the testimony adduced on behalf of the defendant how or why the matters complained of constituted more than slight or trivial defects or deviations in performance. The alleged defects complained of did not affect the usefulness of the house. The defects and imperfections were such for which compensation could be made by an allowance to the defendant, the owner.

If it be assumed that it was agreed by the parties that the house was to be built of first class materials and with the best workmanship, even then the evidence is insufficient

to hold that there was not a substantial compliance with the terms of the contract by the plaintiff.

In the case of *Otis Elevator Co. v. Flanders Realty Co.*, 244 Pa. St. 186, 90 Atl. 624, it is said:

"The burden was on the plaintiff to prove substantial performance of the contract in order to sustain a recovery in this action. The contract being entire there must be full or substantial performance before the liability to pay attaches. Where there has been substantial and bona fide performance of an entire contract, but failure to perform in some particulars not essential to the enjoyment of the part performed, there may be a recovery of the contract price, subject to the right of the defendant to set-off damages resulting from the breach. This rule has been applied over and over again to controversies of this character in our state. As applied to the facts of the present case the rule was very well stated in the following language by Mr. Justice Bell many years ago: 'And, perhaps, it may be asserted, that where a thing is so far perfected as to answer the intended purpose, and it is taken possession of and turned to that purpose by the party for whom it is constructed, no mere imperfection or omission, which does not virtually affect its usefulness, can be interposed to prevent a recovery, subject to a deduction for damages, consequent upon the imperfection complained of': *Danville Bridge Co. v. Pomroy,* 15 Pa. 151."

See also 9 Corpus Juris, 739, sec. 78; id. 865, sec. 202; id. 871, sec. 210.

Under the rules stated in the authorities above cited, we hold that the evidence clearly shows that the plaintiff's performance of his contract was substantial. As before observed, the evidence also shows that the contract sued on was the contract of the parties plaintiff and defendant. The verdict of the jury which found the issues for the defendant and against the plaintiff, is manifestly against the weight of the evidence, and the judgment should be reversed on this ground.

Other errors assigned need not be considered. It may

be observed that possibly the jury found for the defendant because not instructed that they might make an allowance to the defendant for deficiencies and defects in case they found the plaintiff entitled to some recovery. Whether the trial court erred in failing to so instruct the jury, under the state of the pleadings, and in the absence of a request therefor, is a matter not now determined.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed.*

Decision *en banc.*