## No. 11,169.

### ZAMBAKIAN *v.* LESON.

Decided April 6, 1925.

Action on contract.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. CONTRACT—*Performance—Jury Question.*  Whether a contract has been substantially performed by a builder or contractor is ordinarily a question for the jury, and it is error to direct a verdict for plaintiff when there is evidence that there was not a substantial compliance with the contract on his part.

2. *Substantial Compliance.*  In an action by a contractor for the price of installing a heating plant, if there is a substantial compliance with the contract he is entitled to recover the contract price, but with such deductions as will compensate the owner for defective performance.

3. *Acceptance—Waiver.*  Where the owner accepts work as a full compliance with a contract for installing a heating plant, he waives defective performance; but mere acceptance without more, does not preclude him from recouping damages for the defective performance.

4. WAIVER—*Question of Fact.*  Waiver is a question of fact, depending upon the circumstances of the case, and it is error to take that question from the jury.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. H. A. LINDSLEY, Mr. H. E. LUTHE, for plaintiff in error.

No appearance for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a written contract, by the terms of which plaintiff agreed to install one new Garland Furnace for defendant in a dwelling or apartment house, and the defendant agreed to pay therefor the sum of $400, and turn over to plaintiff the old furnace previously located in the house. The trial court directed a verdict for plaintiff for the full contract price, with interest, and judgment was entered on the verdict. The defendant has sued out this writ, and applies for a supersedeas.

The contract contained the following clause: "This furnace is guaranteed to heat said house to a temperature of 70 degrees in the coldest weather." The defendant pleaded, and sought to prove, nonperformance of the contract as to the term expressed in the clause above quoted; that is, that it will not heat the house to the extent guaranteed. The defendant's evidence is to the effect that it was impossible to heat most of the rooms to a temperature of 70 degrees in extremely cold weather, and that a fair test showed a temperature of only 58 degrees in some of the rooms at a time when the weather outdoors was 8 degrees below zero.

There was not a full or strict compliance with the terms of the contract on the part of the plaintiff. In view of the evidence above mentioned, we cannot say that, as a matter of law, there was even a substantial compliance. Weather which is 8 degrees below zero is not unprecedented, and a heating apparatus which cannot heat the house to the extent of more than 58 degrees in such weather, cannot be said to be successful or efficient. Whether a contract has been substantially performed by the builder or contractor is ordinarily a question for the jury. 9 C. J. 887. It was

error to direct a verdict for plaintiff when there was evidence on which the jury might find that there was not a substantial compliance with the contract.

If there was a substantial compliance with the contract, plaintiff was entitled to recover the contract price, but with such a deduction as would compensate the owner of the house for defective performance. *Morris v. Hokosona*, 26 Colo. App. 251, 143 Pac. 826; *Louthan v. Carson*, 63 Colo. 473, 168 Pac. 656. See also annotation in 23 A. L. R. 1435.

The trial court, in sustaining the motion for a directed verdict found: "That the defendant while he testified that he was not satisfied with the furnace as installed he has accepted it and used it as installed and altered and changed by the plaintiff to meet defendant's suggestions, and without any other changes or alterations by defendant or at his expense he has accepted the same as a matter of law by his acts in the premises."

Where the owner accepts the work as a full compliance with the contract, he waives the defective performance. 9 C. J. 796. And in that event he is liable for the full contract price. 9 C. J. 801, 802. However, the mere acceptance, without more, does not preclude the owner from recouping damages for defective performance, especially where he could not do otherwise than accept the situation in which the contractor had placed him. 9 C. J. 802, and cases in note 23. Waiver is a question of fact, depending on the circumstances of the case. 9 C. J. 797. It was error, therefore, for the court to hold that the defendant waived the defects in plaintiff's performance, and to take that question from the jury.

The application for a supersedeas is denied. The judgment is reversed and the cause remanded for new trial.

MR. JUSTICE WHITFORD (sitting for MR. JUSTICE CAMPBELL), and MR. JUSTICE SHEAFOR concur.