## No. 11,478.

## Zambakian *v.* Leson.

Decided April 19, 1926.   Rehearing denied May 24, 1926.

Action on contract.   Judgment for plaintiff.

### *Reversed.*

## *On Application for Supersedeas.*

1. Contracts—*Building — Recovery — Defective Performance — Burden.* One who installs a heating plant under contract may recover the contract price if the proof shows substantial compliance, less the amount necessary to compensate the owner for failure to fully perform, the burden being on the contractor in the instant case to establish the amount of such compensation. The burden of establishing the amount of compensation for defective performance is upon the owner only when he assumes it by the filing of a cross complaint or otherwise.

2. *Building—Breach—Measure of Damages.* Where there is defective performance of a contract to install a heating plant, the amount of compensation to the owner therefor is the cost or expense of putting the work in the condition called for by the contract.

3. Appeal and Error—*Law of the Case.* Where an action is tried a second time after reversal on review, the evidence being substantially the same on the second trial, the opinion of the reviewing court constitutes the law of the case.

4. Trial—*Evidence—Personal Knowledge of Judge.* Personal knowledge of the judge who tries a case, can not meet the requirements of the law that proof of the necessary facts shall be made.

5. *Inspection of Premises.* Rule stated concerning effect of knowledge gained by a personal inspection of the premises by judge or jury.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. H. A. Lindsley, Mr. J. B. Manby, Jr., for plaintiff in error.

Mr. Charles Rosenbaum, for defendant in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

Plaintiff in error was defendant in the court below, defendant in error was plaintiff there, and such will be their designation here. Plaintiff brought suit on a written contract to recover the contract price for installing a Garland Hot Air Furnace in the house of defendant. There have been two trials of the case, the first before a jury resulting in a directed verdict, and judgment for the plaintiff for the full amount sued for, $400 and interest. The defendant brought the case to this court where the judgment was reversed. *Zambakian v. Leson,* 77 Colo. 183, 234 Pac. 1065.

The second trial was had to the court, a jury being waived. The court made findings of fact and rendered judgment as before, in favor of plaintiff, for the full amount prayed. Defendant brings the case here, and applies for a supersedeas.

On the second trial the transcript, for the most part, of the evidence on the first trial was introduced, no new or additional witnesses were called by the plaintiff, and the evidence on the second trial was substantially the same as on the first, except that it was more favorable to the defendant. During the second trial, and on October 17, 1925, the trial judge visited, with the consent of the parties, the premises, and viewed and inspected the furnace. The defendant introduced, on the second trial, two new witnesses; a Mr. Well, an official of the U. S. Weather Bureau, who testified concerning the temperature on certain dates, and a Mr. Benedict, an architect, who gave testimony concerning defects in the installation of the furnace. Upon the second trial, the court found that the furnace fully complied with the contract. The court's findings stated that they were

based upon the evidence, and the view of the premises made by the trial judge.

In the fifth finding of fact, the court said, inter alia, that "In the opinion of the court, if anything could be waived it has been waived by the defendant by his acts, but the court does not decide the case upon that ground, but upon the finding of fact that this furnace complies with the contract."

The acts referred to, bearing upon the waiver, were that the defendant had used the furnace ever since it was installed, had heated the house with it ever since, is still using it and has paid nothing for it.

In the sixth finding of fact, the court finds, among other things, "That in the coldest weather such as we have in Denver   *   *   *   the thirteen room house with thirteen pipes in the hot air furnace, that it would have to be fired with the very best of coal, anthracite coal would not be any too good in that kind of weather, and firing it as often as it was necessary to fire it.

"There is no furnace that will heat in the coldest weather without firing it properly with the best coal. That is the coal that has the most heat units in it."

The seventh finding of fact is as follows: "The court finds that at the time the court examined these premises and this furnace on the 17th day of October, 1925, the house was comfortably heated, the furnace was working all right. It was comparatively warm winter weather. But, from the draft that the court noticed in the furnace, and the condition of it all satisfies the court that the furnace, with proper firing and coal will heat the house in the coldest weather according to the contract, and that it complies with the contract."

The evidence is that at the time the trial judge inspected the premises the temperature outside was 45 degrees above zero, while in some of the rooms, in the Hickey Apartment, it was 64 to 66 degrees.

There is an inconsistency in the court's findings which can only be reconciled upon the theory that the furnace

did not fully comply with the contract, for although the court expressly found a full compliance, yet it also found that the house was an old and remodeled one; that better results could be obtained by building a new chimney in the center of the house; that the furnace was "installed in just as good manner and form as it could reasonably be expected to be installed in a house of this kind and character." Also that "the arrangement could be different if a new house was being built and a new furnace being installed in it. Undoubtedly the pipes could be differently arranged, the chimney could be put in a different place, but you have to take into consideration that the plaintiff and defendant contracted concerning this house."

These findings referred to and quoted plainly state that the furnace did not comply with the contract, and gave the reasons why it did not, and why it did not furnish the required amount of heat, and why it did not comply with the contract to heat the house to 70 degrees.

As the trial court said, the parties contracted concerning this particular house in the condition it was at that time. The plaintiff, by his contract, agreed to install—in this old remodeled house, with the chimney not in the center, but just as it was; with the old wall pipes to be replaced with new pipes as large as space would permit—a furnace that was "guaranteed to heat said house to a temperature of 70 degrees in the coldest weather." This contract did not require any particular amount of firing, nor did it require that defendant should supply the best or highest priced coal. Defendant's implied obligation was to do a reasonable and proper amount of firing, and to use a reasonable and fair grade of coal.

In our former opinion in this case, we definitely held that, "There was not a full or strict compliance with the terms of the contract on the part of the plaintiff," and the case was sent back for the trial court to find from the

evidence whether there had been a substantial performance of the contract.

We have recognized the right of the plaintiff to recover the contract price if the proof showed a substantial compliance with the contract, i. e., if the things omitted were unsubstantial and unintentional, less such amount as would be necessary to compensate the defendant for failure to fully perform, the burden being upon the plaintiff to establish the amount of such compensation. *Louthan v. Carson,* 63 Colo. 473, 168 Pac. 656; *Zambakian v. Leson, supra.*

The burden to establish the amount of compensation for a defective performance is upon defendant only when he assumes it, by the filing of a cross-complaint or otherwise. *Morris v. Hokosona,* 26 Colo. App. 251, 254, 143 Pac. 826, and other cases there cited.

The amount of such compensation to the owner for such defective performance is such as the cost or expense of putting the work in the condition called for by the contract. 9 C. J. 739, 740.

The evidence being substantially the same in the second trial as upon the first, our former opinion is the law of the case, and the trial court should not have found that there was full performance of the contract. *First National Bank v. Manhattan Life Insurance Co.,* 21 Colo. App. 256, 120 Pac. 1112.

The examination or inspection made by the court cannot have the effect of supplying additional evidence. It could only enable the court to properly understand and apply the evidence submitted on the trial. It has been held that personal knowledge of the judge who tries the case cannot meet the requirements of the law that proof of necessary facts shall be made. *Utah Nursery Co. v. Marsh,* 46 Colo, 211, 103 Pac. 302; *People v. Hard Land Co.,* 51 Colo. 260, 269, 117 Pac. 141; 23 C. J. 61, Sec. 1812.

An inspection made by the judge can not be otherwise or different in its effect than the view and inspection

made by a jury, and it has been held that the jury are to use what they see as an aid to the understanding of the testimony, and unless the fact be an absolute physical one, which is evident to the eye and not dependent on any other consideration or any other proof, they must not use it as against the testimony offered, and base their verdict on their own judgment of the situation, other than the exact fact which they saw. They may not use the result of their own observation as additional evidence in order to reach a verdict. *Railroad Co. v. Ditch Co.,* 11 Colo. App. 41, 45-48, 52 Pac. 224.

The case should be reversed for the reasons given, and in view of the fact that the plaintiff has shown no desire to proceed otherwise than upon the contract as for a full and strict performance, the case is remanded with directions to dismiss the action.

Supersedeas denied and judgment reversed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.