NORTH AMERICAN IRON WORKS, INC., Respondent, *v.* G. DEKIMPE, INC., Appellant, Impleaded with NATIONAL SURETY COMPANY (with Whom Were Joined as Original Defendants THE CITY OF NEW YORK and THE BOARD OF EDUCATION OF THE CITY OF NEW YORK), Defendant.

First Department, June 24, 1931.

*John G. Turnbull,* for the appellant.

*J. Alvin Van Bergh* of counsel [*William F. Kimber,* attorney], for the respondent.

PER CURIAM. After several months of vainly demanding payment due to it, respondent was justified in quitting work under its contract and in filing its mechanic's lien. While appellant, as general contractor, had covenanted with the board of education not to permit any lien to be filed, respondent as subcontractor cannot be deprived of its statutory right to assert a lien, in the absence of an express covenant on its part not to file any lien.

Respondent was entitled to the value of the materials fabricated by it under the contract and stored in its shops for delivery when needed.

Since the amendment by chapter 507 of the Laws of 1916,

section 12 of the Lien Law expressly permits a lien to be filed against a public improvement contract, not only for labor already performed and materials already furnished, but also for materials " actually manufactured for but not delivered to such public improvement." There is in this respect no difference between the rights of lienors as against contractors on private work and contractors for public improvements; the lienors have no greater rights in one case than in the other. (*Dempsey* v. *Mount Sinai Hospital*, 186 App. Div. 334, 339; affd., 227 N. Y. 661.)

Having elected to assert a lien with respect to the undelivered materials manufactured for this public improvement, respondent now holds the same subject to the order of appellant, upon payment of this judgment, title having passed. The findings on all the material facts are well supported in the evidence.

The judgment should be affirmed, with costs.

Present — FINCH, P. J., MERRELL, O'MALLEY, SHERMAN and TOWNLEY, JJ.

Judgment affirmed, with costs.