CARROLL MCCREARY CO., INC., Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants; BRADY CONCRETE CORPORATION et al., Respondents, and JAMES MCWILLIAMS, INC., et al., Appellants.

(Argued March 11, 1935; decided April 16, 1935.)

*Leo T. Kissam* and *J. Francis Hayden* for appellants.

*Howard Henig* and *Samuel B. Stewart, Jr.,* for Brady Concrete Corporation et al., respondents.

*Louis Salant, Herman Asher* and *Joseph J. Cunningham* for Morell Co., Inc., respondent.

*M. M. Leichter* and *John L. Ketcham* for New York Roofing Co. et al., respondents.

*Samuel Gottesman, M. Maldwin Fertig* and *Alfred A. Walter* for Indemnity Insurance Company of North America, respondent.

*Albert Foreman* and *M. Carl Levine* for McCartney Contracting Co., Inc., respondent.

FINCH, J. From a judgment of the Supreme Court, modified in the Appellate Division, the defendants-appellants James McWilliams, Inc., the general contractor, and the National Surety Corporation, which bonded the liens in a mechanics' lien action, appeal to this court.

The judgments appealed from must be affirmed, and the reasons therefor are sufficiently obvious upon an inspection of the record and briefs to dispense with reciting such reasons here, except the so-called Brady lien, as to which the judgment against the National Surety Corporation must be reversed and a new trial granted. To present this latter question, few facts need be stated.

Brady Concrete Corporation, a direct subcontractor of McWilliams, after having filed a notice of lien, executed and delivered to McWilliams a formal release and waiver of the right to file any notice of lien on account of labor performed or materials furnished under the McWilliams contract. This release and waiver was formal and was signed and sealed in the name of the Brady Concrete Corporation by its secretary and treasurer. It recites as consideration an agreement entered into between the Brady Concrete Corporation and James McWilliams, Incorporated, bearing even date with the release. This agreement provides, among other things, for specific arbitration proceedings to be had on five days' notice by either party without regard to the final due date fixed in the original contract, and that McWilliams will pay to Brady any sums found due upon the arbitration within fifteen days after such finding is made. Under the main contract the balance would not become payable until sixty days after final completion and acceptance of the

work and the parties could not arbitrate the dispute until the amount was due. It is further agreed in the supplemental contract that McWilliams shall pay the sum of $9,230 upon delivery of the release and waiver by Brady and that $7,810.90 of the sum due shall be paid ten days after the receipt by McWilliams of final payment from the State of New York.

It thus appears by the terms of this supplemental agreement that there was consideration for the agreement to waive the lien. The appellants urge, however, that any question of consideration is immaterial, since the release and waiver was under seal and, therefore, as an executed instrument, consideration was conclusively presumed (*Stiebel* v. *Grosberg*, 202 N. Y. 266), as it is provided that only upon executory instruments is a seal merely presumptive evidence of a sufficient consideration which may be rebutted as if the instrument was not sealed. (Civ. Prac. Act, § 342.) This court, however, has said: " Though an executed deed or conveyance in trust requires no consideration * * * yet, if made for a promised consideration which fails, the conveyance may be revoked." (*Hutchison* v. *Ross*, 262 N. Y. 381, 397.) Evidence as to a failure of consideration was, therefore, admissible. Apparently the learned trial court found that the only consideration was a payment by McWilliams of a balance admittedly due and an arbitration of matters in dispute, neither of which would constitute consideration, since there is no consideration in promising to pay a sum already due and the original contract had already provided for arbitration. As already noted, however, the supplemental agreement, by providing for earlier payments than under the original contract and in other ways, upon its face furnished ample consideration.

As long as the supplemental agreement had been made, binding McWilliams over and above the terms of the original contract, and such agreement was recited in the waiver of lien as the express consideration, there was

sufficient consideration in the execution and delivery of the supplemental contract, until there was shown a failure of consideration by McWilliams' refusal to perform this supplemental agreement. (*Hutchison* v. *Ross*, *supra*, at p. 397.) Performance under the supplemental agreement on McWilliams' part could only be shown by evidence *dehors* the contract. The introduction of such evidence, however, the court at all times refused to permit. McWilliams should have been allowed to show that he offered to continue with the arbitration proceeding but that Brady defaulted and refused to continue, so that there was no failure of consideration on the part of McWilliams. It was error, therefore, for the court to find at Trial Term that there was a lack of consideration which invalidated the waiver and release.

The invalidity of the Brady claim as a lien does not affect, however, his right to a personal judgment against the general contractor (*Cummings* v. *Broadway-94th Street Realty Co.*, 233 N. Y. 407); nor does the waiver of lien on the part of Brady affect the right to impose a lien on the part of the Kalman Steel Corporation and the Indemnity Insurance Company of North America. Even though Brady has validly agreed to waive its lien, this cannot deprive the subcontractors of their statutory right to assert a lien. (*North American Iron Works, Inc.*, v. *De Kimpe, Inc.*, 232 App. Div. 579.)

It follows that the judgment appealed from, so far as it applies to the defendant-appellant National Surety Corporation in connection with the Brady lien should be reversed and a new trial granted, with costs to the said appellant to abide the event; otherwise, the judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.