No. 20,172.

A. P. Campbell *v.* Nathan L. Koin, et al.

(391 P. [2d] 365)

Decided April 13, 1964.

Mr. STANLEY W. PRISNER, for plaintiff in error. ·

Messrs. ROTHGERBER, APPEL and POWERS, Mr. ROBERT S. SLOSKY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

CAMPBELL, plaintiff below, brought this action against the defendants to recover monies alleged to have been earned as a subcontractor of Frohlick Construction Company (designated herein as "Frohlick"), the principal contractor for the erection of a home on realty owned by the Koins. His action was for materials furnished and services rendered as such subcontractor, and he sought to foreclose a mechanics' lien for the amount alleged to be due him therefor.

The Koins filed an answer to the complaint, putting in issue the critical allegations of the complaint, and a counterclaim for damages based upon defective performance. They also filed a cross-claim which became immaterial when they paid Frohlick in full for the entire job. Frohlick by his answer and testimony admitted performance by Campbell and that there was owing the latter the sum of $1935.17.

Frohlick had engaged Campbell to do certain concrete work, and the trial court found that Campbell had sub-

mitted bills for the work done in words and figures following:

"For the Patio $411.94
Cut Joints 47.90
White Atlas Cement 173.35
Subtotal $633.19

"For the Steps and Walk adjacent to the Patio:
Steps $476.00
Walk 116.24
White Atlas Cement 126.00
Subtotal $718.24

"For the Front Steps and Front Walk:
Steps $264.00
Walk 192.24
White Atlas Cement 115.50
Mesh 12.00
Subtotal $583.74
Total $1935.17"

Continuing with its findings, the trial court observed that the patio and adjoining walk were completed in substantial compliance with the contract; that the front steps and walk were of an acceptable standard; but that the steps adjacent to the patio were defective and unacceptable and would have to be removed and replaced. It stated that, contrary to the contract, White Atlas Cement was not used on the patio and walk adjacent thereto nor upon the front steps and walk. It further found that the reasonable cost of removing and replacing the defective steps would be $679.00.

Frohlick had failed to place of record the contract for the construction of the Koin residence, and the trial court noted this failure in its findings, conclusions and judgment.

The trial court concluded that all charges for White Atlas Cement would have to be disallowed, and hence there was due Campbell $459.84 for the patio, $116.24 for the rear walk, and $468.24 for the front steps and

walk. It decided that there should be set-off against said sums the cost of replacing the steps adjacent to the patio and allowed $679.00 therefor.

Computation of these figures resulted in the sum of $365.32, and judgment in that amount was entered in favor of Campbell and against the Koins and Frohlick. A decree foreclosing a mechanics' lien in this amount was also entered.

Dissatisfied with the judgment, Campbell sued out this writ of error, contending that the trial court committed reversible error in six respects. There is no need to enumerate the errors advanced as grounds for reversal; generally they represent an attack on the judgment for reasons of an evidentiary nature, first as to Frohlick and secondly, as to the Koins.

Initially, it should be noted that this case involves three relationships: (1) the agreement between the Koins, as owners of the property, and Frohlick, the principal contractor, who undertook to construct their home; (2) the agreement between Frohlick, contractor, and Campbell, the subcontractor, who engaged to do certain concrete work, *Charles v. E. F. Hallack Lbr. & Mfg. Co.*, 22 Colo. 283, 43 Pac. 548; and (3) the statutory status of Campbell as it relates to the Koins because of the failure to place the principal contract of record, C.R.S. '53, 86-3-1; *Barr Lbr. Co. v. Thompson*, 131 Colo. 347, 281 P. (2d) 1016.

The judgment insofar as it affects Frohlick is inadequate and cannot be sustained. His answer and testimony constituted an admission of liability for $1935.17, the full amount of Campbell's claim.

It is admitted that Frohlick directed Campbell to use a mixture of four sacks of White Atlas Cement and two sacks of regular cement per cubic yard of concrete in the construction of the patio, walks, and steps in question. In following these instructions, Campbell should not, as between Campbell and Frohlick, be penalized; Frohlick got that which he had ordered. *Golden*

*Gate Bldg. Materials Co. v. Fireman,* 205 Cal. 174, 270 Pac. 214; *Carroll McCreary Co., Inc. v. People,* 267 N.Y. 37, 195 N.E. 675.

A study of the record convinces us that the judgment insofar as it relates to Campbell and the Koins cannot be wholly sustained. There is competent, credible evidence to support the trial court's determination that the steps adjacent to the patio were defective and needed to be replaced. Its determination that the reasonable cost of replacing the rear steps would be $679.00 finds support in the evidence and to this extent we will not disturb the trial court's findings and judgment.

The trial court found that Campbell had substantially performed his work in laying the patio and adjoining walk, and the front steps and walk. There is evidence to justify these findings, and hence they are conclusive.

But the court disallowed all charges for White Atlas Cement in connection with these matters found to have been substantially performed. This is the application of a measure of damages which finds no support in the decisions.

This Court has applied the equitable doctrine of substantial performance in a number of decisions. It has permitted a recovery of the contract price less such amount as would be necessary to compensate the defendant for failure to fully perform. *Leoffler v. Wilcox,* 132 Colo. 449, 289 P. (2d) 902; *Zambakian v. Leson,* 79 Colo. 350, 246 Pac. 268; *Zambakian v. Leson,* 77 Colo. 183, 234 Pac. 1065; *Louthan v. Carson,* 63 Colo. 473, 168 Pac. 656; *Morris v. Hokosona,* 26 Colo. App. 251, 143 Pac. 826.

An often-cited case is that of *Louthan v. Carson,* supra, wherein this Court said:

" * * * and, perhaps, it may be asserted, that where a thing is so far perfected as to answer the intended purpose, and it is taken possession of and turned to that purpose by the party for whom it is constructed, no mere imperfection or omission, which does not virtually

affect its usefulness, can be interposed to prevent a recovery, subject to a deduction for damages, consequent upon the imperfection complained of."

Our decisions have not been too clear on the measurement of damages in substantial performance cases. In some of the cases, the contract price is diminished by the amount necessary to compensate for the deficiency. *Louthan v. Carson,* supra; *Morris v. Hokosona,* supra. In other cases the owner may recover the cost or expense of putting the work in the condition called for by the contract. *Zambakian v. Leson,* 79 Colo. 350, 246 Pac. 268; see *Newcomb v. Schaeffler,* 131 Colo. 56, 279 P. (2d) 409.

▮ Permitting the recovery of the cost or expense of putting the work in the condition called for by the contract is a workable rule and should be applied except in those cases where its application would involve "unreasonable economic waste."

"If it is made to appear that physical reconstruction and completion in accordance with the contract will involve unreasonable economic waste by destruction of usable property or otherwise, the damages awarded for the contractor's breach of contract will be measured by the difference between the market value that the structure contracted for would have had and that of the imperfect structure received by the plaintiff." 5 Corbin on Contracts, § 1090, p. 411. See Annotations in 23 A.L.R. 1435 at 1438; 76 A.L.R. (2d) 802 at 812.

The judgment is reversed and the cause remanded with directions to retry the matter in manner consistent with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.