No. 23268.

MERRILL REYNOLDS AND BERNARR G. ROPER *v.* RICHARD L. ARMSTEAD, D/B/A ARMSTEAD MASONRY COMPANY.

(443 P.2d 990)

Decided July 22, 1968.

KLAUBER, KAYNE & KERNER, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

RICHARD L. ARMSTEAD, doing business as Armstead Masonry Company, brought this action on account

against the plaintiff in error herein, Bernarr G. Roper. The Boulder County district court entered an amended judgment for $267.62 in Armstead's favor, from which Roper brings the present writ of error.

The record shows, and the district court accordingly found, that the parties had entered into an oral contract whereby Roper agreed to pay $535.25 for Armstead's construction of a brick veneer as an addition to Roper's house. Armstead expressly promised to use new brick matching as closely as possible the color and appearance of Roper's existing brickwork. The district court found that Armstead breached the oral contract by failing to use brick which reasonably conformed to Roper's brickwork, although Armstead's veneer was in all other respects of sound construction. The judgment of the district court originally awarded Armstead the contract price of $535.25, less damages of $80 accruing to Roper by reason of Armstead's breach. On Roper's motion for new trial, however, the court heard further testimony of damages resulting from Armstead's failure to perform, reassessed Roper's damages at $267.63, and entered an amended judgment in Armstead's favor for $267.62 — that is, the contract price of $535.25 less damages of $267.63.

■ This court has repeatedly held that a contractor may recover the agreed price for substantial performance of his contract, subject to a deduction for damages for the contractor's failure to adhere to the contract in minor details. See *Campbell v. Koin*, 154 Colo. 425, 391 P.2d 365; *Zambakian v. Leson*, 77 Colo. 183, 234 P. 1065; *Louthan v. Carson*, 63 Colo. 473, 168 P. 656; *Morris v. Hokosona*, 26 Colo. App. 251, 143 P. 826.

■ The question presented here, however, is whether as a matter of law Armstead substantially performed his contract with Roper, and therefore became entitled to a recovery on the contract. Our authorities judiciously decline to state a formula determining with mathematical certainty what constitutes substantial performance, but

instead rely upon the application of general principles. Thus, in *Morris v. Hokosona, supra,* we stated:

"* * * substantial performance permitting a recovery on the contract means an attempt in good faith to strictly and fully perform and is not satisfied unless there has been only slight or inadvertent omissions or departures which have not affected the value of the structure and which are capable of remedy and for which the employer may be compensated by a reduction of the contract price."

And in *Newcomb v. Schaeffler,* 131 Colo. 56, 279 P.2d 409:

"Substantial compliance with reference to contracts, means that although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, he has received substantially the benefit he expected, and is, therefore, bound to pay."

▮ In the instant case the trial court, in legal effect, found that there had not been a substantial compliance with the terms of the contract, and that to the extent of fifty percent of the contract price there was a failure to perform. Armstead's failure to install brick which reasonably matched the existing veneer damaged the appearance of Roper's house to the extent of half the value of the contract. The parties entered into their agreement with the acknowledged intent that Armstead's brickwork should be aesthetically, as well as functionally, acceptable. Consequently, we hold that as a matter of law Armstead's breach was material and cannot be deemed a "slight and trivial defect" "not materially detracting from the benefit the other party would derive from a literal performance."

Armstead's failure to substantially perform his contract deprived him of the right to recover under the "theory" of express contract. However we are not concerned with the "theory" upon which an action is tried

where, as here, all the pertinent evidence is presented without objection.

In *Bridges v. Ingram*, 122 Colo. 501, 223 P.2d 1051, we find the following pertinent language:

"* * * We are no longer concerned with meeting technical requirements of theories of causes of actions. In construing the rules of civil procedure applicable to this cause we endeavor to ascertain the spirit and intent of the rules as reflected by the language employed. Prior to the adoption of the said rules it frequently happened that a litigant failed to secure the redress of a wrong for the reason that he misapprehended the theory of his technical 'cause of action,' and found himself out of court without any determination of the facts upon which he relied. We are fully convinced that the rules of civil procedure were intended to de-emphasize the theory of a 'cause of action,' and to place the emphasis upon the facts giving rise to the asserted claim. If sufficient notice concerning the transaction involved is afforded the adverse party, the theory of the pleader is not important. If, under the facts, the substantive law provided relief upon any 'theory,' the cause should proceed to judgment. * * *"

■ In the instant case the complaint was sufficient to give notice to the defendants concerning the transaction upon which the claim was based. All the evidence pertinent to determining the rights of the parties was presented. If upon any "theory" the plaintiff had established a right to relief, "the cause should proceed to judgment." Upon a "theory" of quantum meruit the plaintiff, under the evidence, was entitled to the judgment entered by the trial court.

The judgment is affirmed.

MR. JUSTICE DAY not participating.