573 P.2d 559 (1977)
Joe DeCICCO, Plaintiff-Appellant and Cross-Appellee,
v.
TRINIDAD AREA HEALTH ASSOCIATION and Louis Foubare, Defendants-Appellees and Cross-Appellants.
No. 76-307.
Colorado Court of Appeals, Div. I.
September 15, 1977.
Rehearing Denied October 13, 1977.
Certiorari Denied January 3, 1978.
*560 Lopez & Collins, James R. Collins, Trinidad, for plaintiff-appellant and cross-appellee.
Saunders, Snyder, Ross & Dickson, Denver, Kane, Donley & Wills, Lee Wills, Colorado Springs, for defendants-appellees and cross-appellants.
SMITH, Judge.
Plaintiff, Joe DeCicco, sued defendants, Trinidad Area Health Association and Louis Foubare for the wrongful death of plaintiff's wife, Carol DeCicco, and for outrageous conduct relative to her death. At trial the wrongful death claim was dismissed, and, although plaintiff had sought only $20,000 actual and $30,000 exemplary damages in his complaint, the jury awarded him $30,000 actual and $70,000 exemplary damages. Thereafter, the trial court granted defendants' motion to reduce the verdict to conform to the amount stated in the complaint, and plaintiff appeals that ruling. Defendants cross-appeal, claiming first, that the trial court should have granted their motion for a directed verdict because dismissal of plaintiff's wrongful death claim precluded an award for outrageous conduct, and also that the evidence was insufficient to go to the jury on outrageous conduct. We reverse and remand with directions to the trial court to reinstate the original verdict.
On the morning of her death, Mrs. DeCicco, while in apparent good health at the family home in Trinidad, suddenly lapsed into a coma. Mr. DeCicco immediately called the family doctor, Frank Visconti. Dr. Visconti determined that Mrs. DeCicco was suffering from a cerebrovascular disorder, and that the closest hospital whose facilities were adequate to treat her condition was St. Mary Corwin in Pueblo. He thereupon called Mt. San Rafael Hospital in Trinidad for an ambulance. The ambulance from Mt. San Rafael Hospital was the only ambulance service in Las Animas County. The city and the county owned the ambulances and contracted with defendant, Trinidad Area Health Association, to operate the service.
Because Dr. Visconti had recently resigned from the staff of the hospital, the *561 use of the ambulance was denied by the hospital administrator, defendant Foubare, unless Dr. Visconti would consent to having the patient brought to the hospital to be examined by staff doctors in order that they might determine whether further transportation was necessary. At that point, Mr. DeCicco spoke on the phone to see if he could persuade Foubare to send an ambulance, explaining that his wife was employed at the hospital and that often the ambulance had even been used to transport her to and from work. Mr. DeCicco's request was also denied.
Because of the refusal, Dr. Visconti had to request an ambulance from Raton, New Mexico, in excess of twenty miles, to transport Mrs. DeCicco to Pueblo. This resulted in a substantial delay. Mrs. DeCicco died about one hour after arriving at the Pueblo hospital.

Excessiveness of Verdict
To support their position that it was proper for the trial court to reduce the verdict to the amount requested in the complaint, defendants rely on Liber v. Flor, 160 Colo. 7, 415 P.2d 332 (1966) in which it was held that the damages instruction should have included the amount of damages sought in the ad damnum clause. At the time that case was decided, Colo.J.I. 6:1 made such a recommendation. However, since then the form of instruction has been changed to omit any reference to amount of damages. See Rodrigue v. Hausman, 33 Colo.App. 305, 519 P.2d 1216 (1974); Colo.J.I. 6:1 (1976 Supp.). Thus, no amount was specified in the jury instruction below, and no objection was made by defendants as to the form of the instruction.
C.R.C.P. 54(c) provides in part that:
"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." (Emphasis supplied)
This rule, coupled with C.R.C.P. 15(b), provides some guidance as to the spirit with which the trial court should view a technical motion by defendants to alter the jury's verdict to conform to the pleadings. Pleadings are to be construed so as to do substantial justice, and have as their purpose merely the giving of notice of the issues to be litigated. See Berryman v. Berryman, 115 Colo. 281, 172 P.2d 446 (1946); Snell v. Public Utilities Comm., 108 Colo. 162, 114 P.2d 563 (1941). No allegation was made by defendants that undue surprise or prejudice resulted from the verdict. Hence, to insist that the verdict conform to the pleadings is to defeat the purposes of the modern day rules of procedure.
Accordingly, to further the underlying policy of the rules that the substance of the claim, rather than the form of the pleadings, controls, we hold that where the damages to which plaintiff is entitled can only be estimated at the pleading stage and the defendant is given notice of the various elements of the damages claim, then recovery is not to be limited to the amount listed in the complaint. Accord, Dupona v. Benny, 130 Vt. 281, 291 A.2d 404. See Equity Capital Co. v. Sponder, 414 F.2d 317 (5th Cir. 1969); Stroud v. B-W Acceptance Corp., 372 F.2d 185 (10th Cir. 1967); Wendy v. McLean Trucking Co., 279 F.2d 958 (2d Cir. 1960).
Accordingly, here the trial court's amendment of the verdict to limit plaintiff's recovery to the amount claimed in the pleadings was error.

Wrongful Death vs. Outrageous Conduct
As to the cross-appeal, defendants first contend that it was error to allow an outrageous conduct claim to be pursued where damages for wrongful death are sought as the latter limits the amount of damages plaintiff can recover to those allowed by statute, excluding exemplary damages. See C.R.S.1973, § 13-21-203, and that where the former has been dismissed the latter should have been precluded. We disagree.
The wrongful death action is a statutory one, enacted in derogation of the *562 common law. It is derivative and allows recovery of only the monetary losses sustained by certain surviving relatives of a decedent. See Fisk v. Liley, 120 Colo. 156, 208 P.2d 930 (1949). Outrageous conduct, on the other hand, arises from the common law and is a personal tort in which the misconduct of the tortfeasor caused direct injury to the person seeking recovery. See Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753 (1970). To further contrast the two torts, recovery for grief, and damages designed to punish are precluded in a wrongful death claim but may be the most significant factor in an action for outrageous conduct. Enright v. Groves, Colo.App., 560 P.2d 851.
Thus, the two actions serve entirely different purposes, and the validity of one does not rise and fall with the success or failure of the other. Accord, Rockhill v. Pollard, 259 Or. 54, 485 P.2d 28 (1971); Knierim v. Izzo, 22 Ill.2d 73, 174 N.E.2d 157 (1961).

Sufficiency of the Evidence
Finally, defendants contend that the evidence was insufficient to go to the jury on the elements of outrageous conduct. We disagree.
Recovery for the tort of outrageous conduct is permitted where:
"The recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous,'" Rugg v. McCarty, supra.

And, Restatement (Second) of Torts § 46, Comment h, provides:
"Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability."
Here, defendants' refusal of ambulance service to the critically ill Mrs. DeCicco on grounds irrelevant to her need for, or the availability of the service could reasonably be found to have met the above test. Hence, submission of the case to the jury was not error.
Judgment reversed and cause remanded with directions to reinstate the jury's verdict.
COYTE and VanCISE, JJ., concur.