**WORTHEN BANK AND TRUST COMPANY, NATIONAL ASSOCIATION, and Hairshaft, Inc., a Colorado corporation, Plaintiffs-Appellees,**

v.

**SILVERCOOL SERVICE COMPANY, a Colorado corporation, Defendant-Appellant.**

No. 81CA0586.

Colorado Court of Appeals, Div. II.

Feb. 2, 1984.

Wagner & Wyers, Carl A. Wyers, Denver, for plaintiffs-appellees.

Radosevich & Stokes, Charles M. Radosevich, Denver, for defendant-appellant.

KELLY, Judge.

Plaintiffs, Worthen Bank and Hairshaft, sought damages for faulty construction of a roof by defendant, Silvercool, on a building owned by Worthen Bank as trustee and leased by Hairshaft. The trial court found that Silvercool's construction of the roof had been negligent and in breach of the implied warranties of good workmanship. Silvercool appeals, arguing (1) that the evidence was insufficient to support the findings, (2) that the amount of damages awarded was unreasonable, exceeded the amount prayed for, included excessive expert's fees, and was arrived at through application of an improper measure, and (3) that certain evidence was improperly admitted. We affirm.

When the existing roof began to leak, Worthen Bank employed Silvercool to install a "built-up" roof which involved scraping the gravel off the existing roof, placing a felt layer on the roof, placing asphalt over the felt layer, and placing gravel over that. In this procedure, the original roof is not removed, the new roof is merely constructed over the existing one. The price for this procedure was $5,247.

Silvercool issued its standard guarantee against water leakage caused by faulty workmanship or material or ordinary wear and tear from the elements. Both during and after the installation of the roof, leakage of tar from the roof caused damage to ceilings, walls, carpets, and other items belonging to Hairshaft inside the building as well as to the outside of the building.

Worthen Bank employed a consultant, William Woolford, to determine whether the workmanship and materials used had met the consumer standards in the Denver area, and to recommend the course of action to repair the damage done. Woolford reported that the roof did not conform to the standards of roofing practice in the Denver area and that the roof should be removed and replaced. He indicated that it was not possible to repair the existing roof, and that the Denver Building Code prohibited the placing of a third roof on top of the two existing roofs. On Worthen Bank's

behalf, Woolford obtained a proposal to replace the roof, accepted the proposal, and supervised the installation of the new roof. This action for negligence and breach of warranty ensued.

## I.

The trial court's finding of negligence, based on the testimony of the expert witness Woolford, was fully supported by the record. Silvercool argues that the expert's testimony was contradictory and inconsistent with the testimony of other witnesses and is therefore unworthy of belief. The argument lacks merit. It is for the trial court to draw inferences and to reach conclusions based on the evidence presented and to assess the credibility of witnesses. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968); *Vigil v. Pacheco,* 95 Colo. 405, 36 P.2d 766 (1934). Since there was evidence here to support the finding, it will not be disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

In view of this conclusion, we need not reach the issues concerning breach of implied warranty.

## II.

Silvercool argues that the damages awarded were unreasonable, that the trial court erred in applying the wrong standard by which to measure the damages, that the expert's fees should not have been included in the damage award, and that the damages awarded exceeded the amount prayed for.

## A.

Silvercool's contention that the damages were unreasonable is predicated on its interpretation of the evidence, which conflicts with the findings made by the trial court. Silvercool argues that the roof could have been repaired and did not need to be dismantled and then replaced, and that the unreasonableness of the price paid by Worthen Bank is indicated both by the fact that no competitive bids were sought and that the price differential between the

roof installed by Silvercool and the one subsequently installed was over $17,000.

Worthen Bank's expert, Woolford, testified that the amount paid for the replacement roof was reasonable and that it was technically impossible to repair the roof installed by Silvercool. Woolford further testified that, even if it were technically possible, it could not be done economically, and that the applicable building codes prohibited adding a third roof. He also testified that it was common practice to award contracts without competitive bidding and that he considered the price contained in the proposal to be reasonable. Woolford testified in detail as to the repairs which needed to be made both in dismantling and replacing the Silvercool roof and in repairing the damage caused by the faulty installation of that roof. He also recommended that certain additional work be performed which Worthen Bank had not previously contracted for, the costs of which were not included in the bill submitted to Silvercool.

The trial court found the charges to be reasonable, and the record provides ample evidence to support those findings. Therefore, they will not be disturbed on review. *Page v. Clark, supra.*

## B.

Silvercool contends that the trial court erred in failing to measure damages by the difference in value between the building with the Silvercool roof and with the roof subsequently installed. Citing *Campbell v. Koin,* 154 Colo. 425, 391 P.2d 365 (1964) and *Summit Construction Co. v. Yeager Garden Acres, Inc.,* 28 Colo.App. 110, 470 P.2d 870 (1970), Silvercool maintains that the trial court erred in measuring the damages by the cost of replacing the roof. Quoting 5 *A. Corbin, Contracts* § 1090, the court noted in *Campbell v. Koin, supra:*

" 'If it is made to appear that physical reconstruction and completion in accordance with the contract will involve unreasonable economic waste by *destruction of usable property* or otherwise, the damages awarded for the contractor's

breach of contract will be measured by the difference between the market value that the structure contracted for would have had and that of the imperfect structure received by the plaintiff.' " (emphasis added)

The court held, however, that:

"Permitting the recovery of the cost or expense of putting the work in the condition called for by the contract is a workable rule and should be applied except in those cases where its application would involve 'unreasonable economic waste.' "

The evidence established, and the trial court found, that the Silvercool roof was unusable and had to be removed and replaced. Under *Campbell v. Koin, supra,* and *Summit Construction Co. v. Yeager Garden Acres, Inc., supra,* therefore, the cost of replacement was the proper measure of damages.

### C.

■ Silvercool contends that the trial court erred in awarding as damages the fees charged by Worthen Bank's expert, Woolford, both for testifying at trial and for consulting. Silvercool contends that since the trial court awarded as damages the fees charged by Woolford for his consulting services, it was improper to award the fees charged for testifying as an expert at trial. We disagree.

■ An award of costs is within the sound discretion of the trial court, *Lamont v. Riverside Irrigation District,* 179 Colo. 134, 498 P.2d 1150 (1972), and so, too, is an award of expert witness fees. *Leadville Water Co. v. Parkville Water District,* 164 Colo. 362, 436 P.2d 659 (1967); *Summit Construction Co. v. Yeager Garden Acres, Inc., supra.* While the trial court is not bound by contracts for compensation entered into between the party and the expert witness, *Leadville Water Co. v. Parkville Water District, supra,* it may make an award for the contract amount if it finds, as it did here, that the fees are reasonable. The trial court had the opportunity to evaluate the services of the expert and arrived at a fair conclusion as to their reasonable worth. We will not disturb that finding. *Page v. Clark, supra.*

### D.

■ Silvercool also argues that the damages should have been limited to those prayed for and that the trial court erred in awarding damages in excess of the amount sought in the prayer. In the complaint, plaintiffs sought damages of $14,545 "or such larger amount as may be proven at trial." Plaintiffs then filed a supplemental trial data certificate which amended its prayer for damages to an amount "in excess of $25,000." Silvercool maintains that the rationale of *DeCicco v. Trinidad Area Health Ass'n,* 40 Colo.App. 63, 573 P.2d 559 (1977) precludes an award larger than the amount requested where the plaintiff is capable of ascertaining the exact amount of actual damages at the time the complaint is filed. *DeCicco* does not require such a conclusion here.

C.R.C.P. 54(c) states:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

In *DeCicco,* we held that it was error for a trial court to grant defendant's motion to reduce the jury verdict where the jury had awarded sums in excess of the damages sought in the plaintiff's complaint. We held that where the amount of damages can only be *estimated* at the pleading stage, and the defendant is provided with notice of the elements of the damage claim, recovery is not limited to the amount specified in the complaint and final judgment should be in the amount to which plaintiff is entitled.

Furthermore, Silvercool's claim that it was inadequately notified of the amounts that would be sought, *see Berryman v. Berryman,* 115 Colo. 281, 172 P.2d 446 (1946), is belied by the fact that even in its original complaint plaintiffs made clear that they would seek whatever damages

were appropriate based on the evidence at trial.

### III.

 Silvercool argues that the written reports submitted by Woolford to Worthen Bank expressing his findings, opinions, and conclusions were hearsay and were improperly admitted into evidence by the trial court. Silvercool contends that it was thereby prejudiced because the trial court gave undue weight to these reports in reaching its judgment.

Since the reports were not included in the record on appeal, we are unable to ascertain whether Silvercool was prejudiced by their admission. The burden is on the appellant to provide a record justifying reversal, and absent such a record, we presume the regularity of the trial court proceedings. *Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983).

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.