### Randall E. ESPINOSA, Plaintiff-Appellant,

v.

### SHERIDAN UNITED TIRE, and Furman Aragon, Defendants-Appellees.

### No. 81CA0961.

Colorado Court of Appeals, Div. III.

Aug. 12, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Denied Nov. 29, 1982.

Brian T. McCauley, Westminster, for plaintiff-appellant.

James B. Turner, Stuart G. Barr, Englewood, for defendants-appellees.

KIRSHBAUM, Judge.

Plaintiff, Randall E. Espinosa, appeals the dismissal of his claims against defendants Sheridan United Tire (United Tire) and Furman Aragon at the close of his case-in-chief. We affirm.

The record reveals the following facts. On August 20, 1980, plaintiff purchased a new tire from United Tire. Balancing and mounting services were included in the price. When the tire went flat overnight, United Tire agreed to replace it. Shortly before closing time on August 21, plaintiff returned to United Tire's store. United Tire's mechanic, Aragon, refused to mount the new tire on plaintiff's pickup truck. When plaintiff stated that he had purchased mounting service, Aragon pointed to some tools and stated, "You can mount the tire yourself." When plaintiff told Aragon that he did not have a "proper jack," Aragon again referred plaintiff to the above-mentioned tools.

Plaintiff elected to use his own old truck jack, which he had used only once before and the safety of which he questioned, to mount the tire. While plaintiff was mounting the tire, the jack broke and the truck fell on his wrist.

In December 1980, plaintiff sued United Tire, Aragon, and United's manager for, *inter alia,* outrageous conduct. Plaintiff sought damages for medical expenses, lost wages, permanent partial disability, pain and suffering, and punitive damages. Plaintiff concedes that he suffered no emotional harm.

At the close of plaintiff's case, the trial court ruled, in pertinent part, that although Aragon's conduct was outrageous, the tort of outrageous conduct requires proof of emotional distress, and no such proof was presented by plaintiff.

Plaintiff's sole contention on appeal is that the tort of outrageous conduct permits recovery of damages for physical injury without any claim for or evidence of emotional harm. We disagree.

Plaintiff's argument is based on the decisions in *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970) and *DeCicco v. Trinidad Area Health Ass'n,* 40 Colo.App. 63, 573 P.2d 559 (1977). In *Rugg v. McCarty, supra,* our Supreme Court held "that an action in tort will lie to recover damages for severe emotional distress without any accompanying physical injury, subject to the limitations as set forth in *Restatement (Second) of Torts* § 46 (1965):

" 'Outrageous Conduct Causing Severe Emotional Distress (1) One who by extreme and outrageous conduct intentionally or recklessly *causes severe emotional distress* to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.' " (emphasis added)

*Restatement (Second) of Torts* § 46, comment j, states, in pertinent part: "The rule stated in this Section applies only where the emotional distress has in fact resulted, and where it is severe." Nothing in *DeCicco v. Trinidad Area Health Ass'n, supra,* suggests that physical injury alone can support a claim based on the tort of outrageous conduct. To the contrary, a comment in *DiCicco, supra,* to the effect that recovery for grief may be one of the most significant factors in an action for outrageous conduct, suggests that the entire § 46 of the *Restatement,* including the limitations set forth in comment j, is part of the common law of Colorado's law. Thus, we affirm the trial court's ruling that a plaintiff must prove the existence of severe emotional distress or harm before he can recover for the tort of outrageous conduct of another. *Cf. Vicnire v. Fort Motor Credit Co.,* 401 A.2d

148 (Me.1979); *Simon v. Solomon,* 385 Mass. 91, 431 N.E.2d 556 (1982).

The judgment is affirmed.

SMITH and BERMAN, JJ., concur.